STATE of Missouri, Respondent,

v.

Arthur Leslie PRICE, Appellant.

No. 49355.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1962.

Rehearing Denied Dec. 11, 1962.

Samuel Raban, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Dale Reesman, Sp. Asst. Atty. Gen, Jefferson City, for respondent.

COIL, Commissioner.

A jury convicted Arthur Price of second degree burglary and stealing and the trial court, having found that Price had theretofore been convicted of prior felonies as charged under the habitual criminal act, sentenced him to a term of ten years for burglary and to a term of five years on the stealing conviction, the terms to run consecutively. See Sections 560.045, 560.095, 560.110, 560.156, RSMo 1959, and V.A.M.S. Defendant appealed from the judgment which followed. Inasmuch as he has filed no brief, we shall examine the assignments of error in his motion for new trial.

■ Defendant offered no evidence. His assignments 2 and 9 challenge the submissibility of the state's case. The evidence, from a standpoint favorable to the state, tended to show that shortly before noon on February 28, 1961, Mrs. Madden was walking toward her home on Devonshire Avenue in St. Louis when she noticed a man cross the street and walk to a blue Ford automobile parked across from her house. He entered the car and sat in the rear seat. Another man occupied the driver's seat and he sounded the horn. She then saw that the front door of her home was standing open. She screamed and, as a result, Mr. Links went to her assistance, looked in the front door and saw a man, who was later identified as the defendant, go out the

back door. Links gave chase, caught the fleeing man and detained him, but let him go after threats were made. Links identified the man as the defendant both in a police line-up and at the trial. A neighbor of the Maddens who saw the man leaving the Madden's yard identified him as the defendant both prior to and at the trial. Mrs. Madden had locked both the front and back doors before she had left the house that morning and the inference was justified that no authorized person had entered the dwelling during her absence. About $300 in cash, some jewelry, and a 32-caliber pistol worth about $35 were missing from the Madden home. The pistol was recovered and identified by Mr. Madden at the trial. The blue Ford heretofore mentioned was owned by the defendant.

The foregoing brief summary of the state's evidence demonstrates that the question of whether defendant was guilty of second degree burglary and stealing was for the jury. Section 560.045, supra, provides that one who is convicted of breaking into a dwelling house with intent to steal under circumstances such as not to constitute burglary in the first degree is guilty of burglary in the second degree. The testimony showed that defendant ran from inside the Madden dwelling, at the time the front door, which had theretofore been locked, was open. There was evidence that money and other articles of value were missing from the Madden dwelling justifying the inference that defendant had taken or had a part in stealing those missing items. The evidence concerning the two men in the automobile and their actions was sufficient to justify an inference that they may have been engaged with defendant in the joint commission of the crimes charged. The degree, however great, to which one or both of those men participated did not relieve the defendant of guilt for both burglary and stealing, because, if jointly acting, the act of each was the act of all. That defendant entered the dwelling with the intent to steal is shown by proof justifying a finding he did in fact steal. It is true that

there was no direct evidence as to how the front door had been opened but, in view of Mrs. Madden's testimony that she had locked both doors and had given no one permission to enter, and that no authorized person had entered the dwelling during the time Mrs. Madden was away, and in view of the further fact that the front door was open at the time defendant was in the dwelling, there was sufficient circumstantial evidence to sustain the charge of burglary in the second degree. See State v. Young, 345 Mo. 407, 133 S.W.2d 404, 407 [10].

■ Defendant's new trial assignment 1 charges that the trial court erred in admitting in evidence the gun which was missing from the Madden dwelling. A police officer testified that he went to a third floor apartment occupied by Mr. and Mrs. Clarence McGowan; that Mrs. McGowan and a young girl were present; that Mrs. McGowan obtained the gun in question from a drawer of a chest which was in the vestibule of the apartment. The officer placed identifying marks on the gun. He then proceeded to an address some considerable distance from the McGowan home. The owner of the flat at that address let him into the upstairs portion. After an interval of 20 to 30 minutes, the defendant and McGowan entered that apartment by use of a key. The officer placed both under arrest and took them to the police station.

Defendant contends that inasmuch as there was no showing that McGowan was jointly charged with defendant (and as a matter of fact the state did not show that McGowan had any connection with the crime on trial), and inasmuch as there was no explanation of how the gun came to be in the possession of Mrs. McGowan, there was no evidence to connect the defendant with possession of the gun and that consequently the admission of the gun prejudiced defendant and the trial court erred in admitting it. The state did not prove that Mc-Gowan was one of the men in defendant's blue Ford parked across the street from the Madden home, nor did it prove that Mc-

Gowan or his wife had any connection with the crime on trial. The trouble with defendant's position is this, the gun was one of the items missing from the Madden home and there was ample evidence to justify a finding that defendant had stolen that gun. Thus the gun was admissible in evidence, at least against any objection here urged, as one of the stolen items. The fact that the gun was found in the McGowan home and the fact that McGowan and defendant were arrested at the same time were, standing alone, irrelevant facts, but clearly that unnecessary evidence did not make the gun itself inadmissible, nor do we discern how it was prejudicial to the defendant. The evidence prejudicial to defendant was that which justified the finding that he stole the gun identified as Exhibit 2; the additional testimony that the gun was recovered in the possession of Mrs. McGowan, even though her possession was unexplained, was not harmful to the defendant.

■ A portion of each of new trial assignments 3, 4, 5, and 7 charges that the court erred in giving instructions 1, 2, 3, and 5, respectively, for the reason, among others, that each constituted a comment on the evidence. Defendant did not indicate how or wherein any instruction did so, and, consequently, the indicated portions of the assignments preserve nothing for appellate review.

■ Assignment 3 and a portion of assignment 4 complained also that instruction 1 (the main instruction on burglary and stealing) and instruction 2 (the main instruction on stealing) were erroneous because they conflicted with instruction 6 for the reason that instructions 1 and 2 were in language which pertained only to defendant, while instruction 6 was one informing the jury that persons were equally guilty who acted together in the commission of a crime and that a crime committed jointly by two or more persons was the act of all and the act of each so acting, etc. There is no merit in the contentions. There was evidence from which the jury reasonably could have found that the two men in the defendant's automobile, one of whom was walking from the Madden home toward the automobile at the time Mrs. Madden returned and the other of whom began to sound the automobile's horn as Mrs. Madden was approaching her house, acted jointly with the defendant in the commission of the burglary and stealing. Consequently, instruction 6 on the subject was proper and it did not tend to conflict with any other instruction. No objection was made to the form of either instruction 1 or 6.

Assignments 4 and 5 charge that instructions 2 and 3 erroneously referred to the gun because there was no evidence as to how Mrs. McGowan came into possession of the gun and the instruction therefore created the inference that the court was telling the jury that the defendant had broken into and entered the residence and had stolen a pistol therefrom. The contentions are without merit. The only reference to the gun in instructions 2 and 3 were the hypotheses that it was one of the listed items which the jury could find was stolen by defendant.

■ Assignment 6 attacks instruction 4 on the ground that it improperly defined "steal" or "stealing." The complete answer to that contention is that instruction 4 defined "steal" or "stealing" in essentially the words of the definition of "steal" contained in the stealing statute, Section 560.156, supra.

■ Assignment 7 contends the court erred in giving instruction 5 for the stated reason that it tended to shift the burden of proof from the state and required defendant to establish his innocence. There is no merit in that contention. Instruction 5 instructed that the jury could find the defendant guilty of both burglary and stealing or not guilty of both offenses or guilty of either one and not the other. The instruction had nothing to do with the burden of proof.

■ The final assignment is that the court erred in giving instruction 6 for the

reasons that it is broader than the evidence and tended to invade the jury's province and permitted the jury to find defendant guilty of the acts of another when only defendant was charged. What we have said heretofore with respect to the propriety of instruction 6 suffices to answer these contentions.

We have examined the record matters which we are required to review and find no error in connection with them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.