**STATE of Missouri, Respondent,**
v.
**Phillip Martin TIERNEY, Appellant.**

No. 49454.

Supreme Court of Missouri,

Division No. 1.

Oct. 14, 1963.

Abe J. Garland, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Allen J. Roth, Sp. Asst. Atty. Gen., St. Louis, for respondent.

WELBORN, Commissioner.

Phillip Martin Tierney appeals from a judgment of conviction entered upon a jury's verdict finding him guilty of burglary in the second degree. Section 560.070, RSMo 1959, V.A.M.S. He was charged under the habitual criminal act. The trial court found that he had been previously convicted of two felonies and assessed his punishment at five years in the custody of the Department of Corrections.

No brief has been filed on behalf of the appellant in this court. We will, therefore, consider the assignments of error in his motion for new trial. The motion contains eight assignments of error. The first five are as follows:

"1. The verdict is contrary to the law.

"2. The verdict is contrary to the evidence.

"3. The verdict is contrary to the weight of the evidence.

"4. The Court misdirected the jury in material matters of law.

"5. The Court failed to instruct the jury upon all questions of law necessary for their guidance."

None of these assignments is sufficient to preserve anything for review by this court. Rule 27.20, V.A.M.R.; State v. Washington, Mo.Sup., 364 S.W.2d 572; State v. Jonas, Mo.Sup., 260 S.W.2d 3; State v. Hadley, Mo.Sup., 364 S.W.2d 514.

The sixth and seventh assignments relate to the sufficiency of the evidence to sustain the conviction. Assignment 6 charges that the evidence fails to support the charge that the appellant "forcibly did break and enter the premises numbered 5915 Easton Avenue, St. Louis, Missouri." Assignment 7 charges that the evidence shows that the appellant could not have entered and did not enter the premises in question. Therefore, we will consider the evidence offered by the State. (No evidence was presented by the defendant.)

Harry Friedman owned a pawnshop at 5915 Easton Avenue in the City of St. Louis. His business was conducted under the trade name, "Cross-Town Loan Com-

pany." The entrance to the place of business was recessed from the sidewalk and from the front of the building. Along either side of the entry-way was a plate glass window. When Friedman closed his place of business on the evening of August 11, 1961, various items of merchandise, including rings, musical instruments, radios and medals, were displayed behind the plate glass windows in the entry-way.

At approximately 3:25 A.M., on the morning of August 12, 1961, Officer Leo Seithel of the St. Louis Metropolitan Police Department was walking his beat in the 5900 block of Easton Avenue. When he was in the vicinity of No. 5910 Easton Avenue, he observed an old model automobile proceeding slowly eastward on Easton Avenue. The driver of the vehicle made a left turn at Hamilton Avenue and parked the vehicle a short distance north of Easton. Two men got out of the car. One, whom the officer later identified as the appellant, was carrying a garbage can. The appellant walked across Hamilton to the north side of Easton and proceeded to the Cross-Town Loan Company. Upon reaching the location of the Cross-Town Loan Company, he placed the can down about two feet from the entrance, came to the front of the store and looked up and down Easton Avenue. Officer Seithel stepped behind a lamp post and observed the appellant. Appellant then stepped inside the entrance-way two or three feet and threw the garbage can through the plate glass window along the west side of the entrance-way, shattering the window. Officer Seithel, who had continued to observe appellant's actions, started to cross the street and stepped from the curb just as the garbage can was thrown through the window. He testified that the appellant reached through the broken window and "grabbed" the articles in the window. When near the center of Easton Avenue, which the officer described as forty to fifty feet wide, Officer Seithel drew his gun and ordered the appellant to raise his hands. Appellant did so and the officer placed him under arrest.

Upon being questioned at the scene, the appellant stated that he would not have done what he did had he not been drinking. Both Officer Seithel and Officer Mastrantuono who reached the scene shortly thereafter and examined the appellant stated that, although appellant appeared to have been drinking, he was not intoxicated.

■ The evidence presented is sufficient to establish the requisite elements of breaking and entering in the crime of burglary in the second degree. The testimony of the officer who witnessed the appellant's actions at the scene clearly showed the breaking. He further testified that the appellant reached through the broken window and grabbed articles on display there. The scene was illuminated by an electric street light, which, according to the officer, permitted him to observe the appellant's actions and to see him put his hands inside the broken window and start grabbing the objects there.

■■ We have in recent cases pointed out that, to establish the element of entering in burglary, any entry, however slight, by any part of the body is sufficient. State v. Pigques, Mo.Sup., 310 S.W.2d 942, 945; State v. Whitaker, Mo.Sup., 275 S.W.2d 316, 319. See also 9 Am.Jur., Burglary, Section 16, page 249; 12 C.J.S. Burglary § 10, page 674.

The appellant here, upon breaking the glass window, achieved access to the contents of the building by placing his hands within the interior of the building. He was then able to "grab" the articles on display in the window, and was in a position to effect his felonious design. To require the further entry of any particular portion of his body or all of it would be unwarranted.

■ Mr. Friedman testified that he found no merchandise missing from the display after the window had been broken. However, the fact that no property was taken does not preclude the completed offense of burglary. State v. Shipman, 354 Mo. 265,

189 S.W.2d 273. Certainly the circumstances surrounding the appellant's activities were such that the jury could find that his breaking and the entry made were with the intent to steal the merchandise on display. State v. Whitaker, Mo.Sup., 275 S.W.2d 316, 319.

In its instruction the court defined the term "entered" as any entry, however slight, by any part of the body. This is a correct statement of the law. The jury obviously believed the testimony of the police officer that the appellant had placed his hands through the broken window and inside the display area of the window. The evidence supports such finding.

■ In his assignment 8 in his motion for new trial, the appellant objects to Instruction No. 1 which was given by the court. Instruction No. 1 contained the following sentence: "All persons are equally guilty who act together with a common intent in the commission of a crime, and a crime committed by two or more persons acting jointly is the act of all and of each one so acting." It also authorized the finding of guilt in the event that the jury found that the defendant "either acting alone or jointly with another" did feloniously break and enter. The objection to this instruction is that there was no evidence that any other person acted with the defendant in the commission of the crime. Further objection is made on the grounds that the instruction permits a verdict of guilt if the jury should find that the defendant acted either alone or jointly with another.

There was, however, evidence of joint action in this offense. Two persons were in the automobile in which the appellant arrived at the scene of the crime. Both of the occupants of the vehicle got out of the car. There was also evidence that, after the appellant had been taken to the police station, Officer Seithel returned to the scene of the offense and placed under arrest a second individual whom he identified as the person who got out of the car

with the appellant. This evidence is sufficient to show joint action and to authorize the instruction which was given. State v. Price, Mo.Sup., 362 S.W.2d 608, 611. As to the instruction permitting a finding of guilt on finding that appellant acted either jointly or alone, this is a proper statement of law and we find no error in its inclusion in the instruction in this case. State v. Price, supra.

The record matters which we are required to review have been examined and no error has been found in them.

The judgment of the trial court is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.