**STATE of Missouri, Respondent,**

**v.**

**Albert W. SCHLEICHER, Appellant.**

**No. 53212.**

Supreme Court of Missouri, Division No. 1.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Charles G. Hyler, Sp. Asst. Atty. Gen., Farmington, for respondent.

Morris A. Shenker, St. Louis, for appellant, Cordell Siegel, St. Louis, of counsel.

HENLEY, Presiding Judge.

This is an appeal from a judgment sentencing defendant to concurrent sentences of seven and five years, respectively, upon his conviction by a jury of second degree burglary and stealing. Sections 560.070, 560.110 and 560.156.[1] We reverse, because the evidence is not sufficient to sustain the conviction, and remand, because it appears from the record that the state may be able to produce additional evidence which would be sufficient.

By an information substituted for an indictment, Albert W. Schleicher (defendant), Thomas Maddox and Andrew Novak, Jr., were charged, under the Habitual Criminal Act,[2] with feloniously breaking and entering Carp's Department Stores, Incorporated (hereinafter Carp's) at 4628 Manchester Avenue, St. Louis, Missouri, during the night of October 18–19, 1966, with intent to steal, and with stealing therefrom merchandise and money of the value

of $439. A motion for severance was sustained and defendant was tried separately from the others.[3]

Defendant offered no evidence; he stood on his motion for judgment of acquittal made at the close of the state's case. His first point on appeal is that the court erred in overruling this motion, because the evidence was insufficient to submit the case to the jury and that it is not sufficient to sustain the conviction. Specifically, his contention is that the evidence was wholly insufficient to prove a possession of the kind and character required to permit an inference that he participated in the burglary and stealing, i. e., that he had exclusive possession of property recently stolen. The state contends that defendant had exclusive possession of the stolen property and that this, his attempt to flee the scene, and other evidence permits an inference of guilt and is sufficient to sustain the conviction.

The evidence against defendant is wholly circumstantial. He concedes that Carp's Department Store was burglarized sometime between 6 p. m. on the 18th and 1:30 a. m. on the 19th, by breaking and entering the rear door and merchandise of the value of more than $50 stolen therefrom; and that cardboard boxes containing merchandise from Carp's, found in the rear or bed of a pickup truck hereinafter mentioned, was recently stolen. He says, merely, that there is no evidence he committed the burglary and stealing.

There is no evidence that defendant, Maddox or Novak were seen in or near Carp's at any time during the night mentioned.

The evidence against defendant, in the light most favorable to the verdict, is as follows. Officers Wayne Keasling and

---

1. All section references are to RSMo 1959 and V.A.M.S., unless otherwise indicated.

2. Section 556.280.

3. Andrew Novak, Jr., was convicted of the charge and sentenced to ten years for burglary and five years for stealing. His conviction was affirmed by this court June 10, 1968. See State v. Novak, Mo., 428 S.W.2d 585.

Michael Johnson of the St. Louis Metropolitan Police Department, in uniform, were patrolling their assigned area in an unmarked police car that night at about 1 a. m., near Eighth and Allen streets when they saw some men carrying boxes from a pickup truck parked at the curb on the south side of Allen street, across the street from an apartment building numbered 809. When they reached a point approximately half a block from the truck they saw two men run from the truck north across the street and into an areaway or hallway adjoining 809 Allen. They stopped approximately ten feet behind and to the left of the truck. As they stopped, they observed for the first time that there was a man (later identified as defendant) in the rear of the truck, and saw him jump from the bed onto the street. Officer Johnson alighted from the driver's side of the police car and " * * * took out after the other two * * *" men who had disappeared into the areaway. Officer Keasling alighted from the curb-side of the police car and "apprehended" defendant on the sidewalk approximately twenty feet behind the truck. The officer asked defendant " * * * what he was doing out this time of the morning * * *;" and he replied that "He was just taking a walk." Defendant was arrested, placed in the police car, and shortly thereafter transported to the District police station. Two cardboard boxes, identified with Carp's name printed thereon and containing merchandise stolen from Carp's, were found in the truck bed. Although it had been raining off and on that night and the street and the truck were wet, the boxes showed evidence of having received only a few raindrops.

The balance of this lengthy record is devoted to evidence relating to the pursuit and arrest of the two fleeing men, Maddox and Novak, the entry into and search of the latter's apartment, and seizure of Carp's property found there. Other boxes containing Carp's merchandise were found in the areaway. We need not lengthen this opinion with a summary of that evidence;

it is fully developed at pages 587–590 in 428 S.W.2d.

■ "In testing the sufficiency of evidence in a criminal prosecution by a motion for a judgment of acquittal, the facts in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded." State v. Watson, Mo., 350 S.W.2d 763, 766 [1].

■ "Where the evidence of defendant's agency in connection with the [burglary and stealing] charged is entirely circumstantial, the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence." State v. Walker, Mo., 365 S.W. 2d 597, 601 [5].

As to the kind and character of possession of property recently stolen in a burglary which would warrant an inference of guilt, the court said in State v. Watson, supra, 350 S.W.2d l. c. 766, " * * * that the possession must be exclusive and that a constructive possession, though sufficient to create a civil liability, is not sufficient to hold a party responsible criminally since he can only be required to account for things which he actually and knowingly possessed * * *; [t]hat possession by others or a joint possession may be sufficient if a conspiracy or a common purpose to commit a crime is shown * * *."

As stated, the state contends that defendant had exclusive possession of the stolen property. We cannot agree; at the most, the evidence creates suspicion of a joint possession by defendant and the two men who ran from the truck. The state argues that the circumstances of defendant's presence on the truck, the presence of two boxes of Carp's merchandise on the truck, his

attempted flight, flight by Maddox and Novak and their arrest, the search of Novak's apartment, and the seizure of Carp's merchandise found in the apartment and areaway is sufficient to show a conspiracy or common purpose to commit a crime.

■ We agree that his presence on the truck creates a suspicion he participated in the burglary and stealing. But " * * * mere suspicion of guilt, however strong, is not sufficient to authorize a criminal conviction." State v. Watson, supra, l. c. 768.

When it is said that defendant was seen to jump from the truck to the street and that he was arrested on the sidewalk approximately twenty feet behind the truck all has been said that this record shows regarding defendant's possession, exclusive or joint, of the property stolen, his participation in, or a conspiracy or common purpose to commit the crime. As to possession, there is no evidence as to the ownership of the truck, where it came from or who drove it to Allen street. Moreover, there is no evidence as to when or where defendant got into the rear of the truck or that he rode it from wherever it came to Allen street, or that he at any time had any dominion or control over the truck or the stolen merchandise in it. Furthermore, there is no evidence in this record that he was one of the men seen carrying boxes from the truck across the street to the areaway, or that he participated in or otherwise assisted those men in removing boxes from the truck.

The evidence in this record is not sufficient to establish possession of the character required to warrant an inference of defendant's guilt of burglary and stealing. State v. Watson, supra, l. c. 766–7; State v. Watson, Mo., 425 S.W.2d 123, 126; State

v. Drew, 179 Mo. 315, 78 S.W. 594, 595 [1]; State v. Belcher, 136 Mo. 135, 37 S.W. 800 [1]; 12 C.J.S. Burglary § 59 b, p. 738.

The record is utterly devoid of any evidence from which it reasonably may be inferred that the crime committed was the result of a conspiracy or common purpose of defendant, Maddox and Novak; defendant's mere presence on the truck on Allen street, and the other circumstances in evidence, would not support such an inference. There is no evidence of any past relationship or association of defendant with Maddox or Novak, or evidence indicating, or from which it might be inferred that he had any reason to know that Carp's would be or had been burglarized and its property stolen, or that there was merchandise, stolen or otherwise, in the areaway and apartment, or, for that matter, even that there was an apartment in this building.

■■ The state asserts that defendant's flight from the truck was evidence, together with other evidence, from which the jury could infer criminal agency. The fallacy in this is that there is no evidence of flight. The officers did not testify that defendant, too, *ran* from the truck, or that he *attempted to run,* or that he otherwise made it difficult for the officer to arrest him. So far as this record shows, he may well have walked to where Officer Keasling arrested him on the sidewalk, a short distance behind the truck. The evidence is not sufficient to sustain the conviction.

We will discuss defendant's second point involving the admissibility of certain evidence, because the same question may arise upon another trial. That point is that the court erred in overruling his motion to suppress,[4] and in overruling his trial objections to, testimony relating to the arrest of Mad-

---

4. We do not find a pre-trial motion to suppress in this record. No doubt defendant has reference to a motion to suppress filed by Novak, before the severance, based on ground that the search of the latter's apartment and the seizure of certain articles was unlawful. Defendant did not file a motion to suppress and, of course, is in no position on this appeal to urge error in this regard. However, he may do so before another trial is had, if he is so advised.

dox and Novak in the latter's apartment, the circumstances regarding the search of that apartment, the seizure of Carp's merchandise in the apartment and the areaway, and the introduction in evidence of the articles seized. He advances two reasons why the court erred. First, that there is no evidence that he ever saw or possessed, or had any knowledge of, connection with, or control over either Novak's apartment or the areaway, or the articles seized, or that there was any conspiracy or common purpose to commit the crime charged.

There is merit in defendant's objection to the introduction in evidence of this testimony and the articles seized. If a proper motion is filed, the evidence should be suppressed, unless there is a showing of some connection of the articles with defendant. State v. Richards, 334 Mo. 485, 67 S.W.2d 58, 60 [1]; 22A C.J.S. Criminal Law § 602, pp. 406–409. His second reason is that the forced entry into Novak's apartment by the police officers constituted an unreasonable search and seizure in violation of defendant's state and federal constitutional rights. As a general rule, defendant would have no standing to assert a Fourth Amendment objection to a seizure of property found on premises in which he had no possessory interest. Whether or not he would have such standing and whether the State would be precluded from denying that he has the requisite possessory interest to challenge the admission of the evidence under Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697,[5] will depend on evidence which hereafter may be produced; consequently, we do not rule this question.

The judgment is reversed and the cause remanded.

SEILER, J., concurs.

STORCKMAN, J., concurs in result.

---

5. See also Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 974[13], 19 L.Ed.2d 1247.