STATE of Missouri, Respondent,

v.

Albert William SCHLEICHER, Appellant.

No. 54439.

Supreme Court of Missouri,
En Banc.

Oct. 12, 1970.

**352**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Alan G. Kimbrell, Clayton, for appellant.

WELBORN, Commissioner.

A jury in the St. Louis County Circuit Court found Albert William Schleicher guilty of burglary in the second degree and stealing in connection with such burglary. The trial court, acting under the Second Offender Act, fixed punishment at 10 years' imprisonment for burglary and 5 years for stealing, the sentences to run concurrently. After his motion for new trial had been overruled and final judgment and sentence entered, defendant appealed.

Mr. and Mrs. Robert Daley left their residence in Ferguson at around 7:30 A.M. on February 9, 1968. The house was locked. They returned at between 7:15 and 7:30 P.M. on the same day to find the house in complete disarray, the porch door "jimmied" and various items of their belongings missing.

At approximately 8:10 P.M., a Ferguson police officer noticed a Ford auto without taillights, some six blocks from the Daley residence. The officer drove toward the auto, intending to stop it for lacking taillights. As he approached the auto from the rear, the Ford immediately accelerated. The officer turned on his flashing red light and spotlight and the Ford continued to accelerate. While pursuing the Ford, the officer saw several objects, including what appeared to be booklets and newspapers and a black can being thrown from the passenger's side of the car.

After a "chase" for a long block, described by the officer as equal to four or five regular city blocks, with the police officer's car reaching a speed of 60 miles per hour, the Ford stopped. The officer approached the car and placed the driver, appellant Schleicher, under arrest for traffic violations. Harvey Seitz was seated on the passenger's side of the Ford.

An officer who had gone to the Daleys, learning that the Ford had been stopped, went to its location. Search along the street over which the Ford had been driven in the chase produced various items, including jewelry, trading stamp books, and a black canister, which were identified as coming from the Daley house. Most of the items were on the east side of the street, or the passenger's side of the Ford, but some coins were found along the west curb. An Indian Head penny identified by the Daleys was found on the floor of the Ford, on the passenger's side. A flashlight and a pair of men's gloves were found in the middle of the Ford front seat. Defendant was the registered owner of the Ford.

The state, upon the trial, produced evidence of the above stated facts. A woman friend of defendant testified in his behalf that Schleicher had been with her from 11:30 A.M. to a little after 7:00 on a Friday "the early part of February." They were at her house, when, "a little after 7:00," she answered the telephone and recognized the voice of "Chuck" Seitz. She testified that Schleicher talked to the caller and then left. She testified that she received a call from Schleicher five or ten minutes after he left. She next heard from Schleicher on Sunday when he called and told her that he had been arrested after he left her house on Friday.

Appellant strenuously attacks the sufficiency of the evidence to support his conviction. His attack is based upon the assumption that the conviction must be sustained on the inference of guilt of both burglary and stealing permitted against one in the possession of stolen property, taken in connection with a burglary. Appellant asserts that our decisions require the possession, if it is to give rise to such an inference, to be "recent, unexplained, personal, conscious, distinct, exclusive." Appellant acknowledges that this case meets the requirement of recency and that the explanation offered on behalf of the defendant was for the jury, but urges that none of the other standards or conditions of possession has been met by the state.

The state, on the other hand, argues that the evidence did show such possession on the part of appellant as would, taken with other circumstances in evidence, support the jury's verdict of guilty.

Our cases have endeavored to characterize the nature of the possession of stolen property which will warrant an inference that the possessor is the thief. The terms, "personal," "exclusive," "distinct" and "conscious," as appellant asserts, have been employed to describe the requirements which the possession must fulfill. State v. Durham, Mo.Sup., 367 S.W.2d 619, 621–622[2, 3]; State v. Sallee, Mo.Sup., 436 S.W.2d 246, 250[1]. However, it is recognized that joint possession may give rise to the inference here relied upon. State v. Cobb, Mo.Sup., 444 S.W.2d 408, 414; State v. Johnson, Mo.Sup., 447 S.W.2d 285, 290. In the present case, the evidence would warrant the finding that the stolen property was in the physical possession of the passenger, Seitz. It was thrown from the vehicle from the side on which he was sitting. Appellant, as the driver in the course of a police pursuit, could hardly have thrown the goods out of the window on the passenger's side. However, the jury could also find appellant was aiding in the attempted disposition of the property by accelerating to avoid the police pursuit. The jury could have found that in so doing appellant was a party to the exercise of dominion over the stolen property and was, under the law here applicable, a party to its possession. State v. Webb, Mo.Sup., 382 S.W.2d 601.

The effort of the appellant to aid in the disposition of the property and his proximity to the scene of the crime are what distinguish this case from another case in this court in which the conviction of appellant in the present case was reversed because of inadequacy of the evidence. In State v. Schleicher, Mo.Sup., 438 S.W.2d 258, Schleicher was seen by police officers in the rear of a pickup truck in which there were goods stolen from Carp's department store. Other persons were seen carrying cartons from the truck. Schleicher made no move to flee when the police approached, although he did jump from the rear of the truck. In reversing his conviction, the court pointed out that there was no evidence that Schleicher had exercised dominion over the truck or its contents and concluded that the evidence created only a "suspicion of a joint possession by defendant and the two men who ran from the truck." 438 S.W.2d 260[2].

The evidence was sufficient here to permit the jury, having rejected the explanation tendered in Schleicher's behalf, to infer from the joint possession of Schleicher and Seitz that they had stolen the property. State v. Cobb, State v. Johnson, supra.

Appellant argues that, when joint possession is relied upon, there must be evidence other than the possession to connect the possessors with the crime. Assuming that such evidence is required, we find other evidence in this case. The appellant was near the scene of the burglary only a short time after its discovery. There was evidence from which it might be found that two persons participated in the burglary. Appellant argues that the finding of only one pair of gloves and one flashlight negatives the possibility that there were two participants. However, Mrs. Daley testi-

fied that, upon her entry into the house, a pair of her gloves was near the front door. She had left the gloves in a dresser drawer in the bedroom. In addition, Mrs. Daley testified that, in one of the bedrooms which had a high window facing the street, a bed had been pushed toward the window and the curtain over the window had been pushed aside about four inches. She observed an imprint on the bed as though a weight had been on it. This testimony would indicate that one intruder acted as a lookout from the bedroom while another ransacked the house.

█ As has been pointed out, the inference permissible from the possession of recently stolen property is one of fact which the jury may draw. State v. Sallee, Mo. Sup., 436 S.W.2d 246, 250[3]; State v. Tomlinson, 352 Mo. 391, 177 S.W.2d 493, 494[1], [2]. Therefore, the question presented in each case is basically a factual one. Prior cases are not particularly helpful because of variations in factual situations. We do note some of the cases cited and relied upon by appellant. A principal reliance is placed upon State v. Watson, Mo. Sup., 350 S.W.2d 763. The value of that case as authority has been greatly weakened by the acnowledgment by its author, in State v. Cobb, supra, that "Watson may unduly constrict the rule as to what constitutes possession of stolen property sufficient to permit a factual inference of guilt." 444 S.W.2d 414[6]. We have already referred to State v. Schleicher, supra, also relied upon by appellant here. State v. Burrage, Mo.Sup., 418 S.W.2d 101, sustained a conviction, based upon personal possession, but it did not negative the application of the rule as to joint possession, here involved. In State v. Walker, Mo. Sup., 365 S.W.2d 597, the chain saw which was stolen was not found in the defendant's possession. The fact that defendant was in the neighborhood of the place from which the saw was stolen was not sufficient to permit his conviction for stealing the saw.

It is unnecessary to protract this opinion by distinguishing each of the 17 cases cited by appellant in support of his contention. We have considered all of them and find none here controlling.

█ Appellant attacks the instruction which the court gave on joint participation in criminal acts. The instruction read as follows:

"All persons are equally guilty who act together with a common intent in the commission of a crime, and a crime committed by two or more persons acting jointly is the act of all and of each one so acting. However, the mere presence of one at or near the scene of a crime does not render him liable as a participator therein. If one is only a spectator, innocent of any unlawful act or criminal intent, and does not aid, abet, assist, advise or encourage another or others in the commission of a crime, that person is not liable as a principal, or otherwise, and should be acquitted. If, however, a person be present, and, [before or during the commission thereof,] by words or by actions aids, abets, assists, advises or encourages the crime, with the intent that the words or acts should encourage and abet the crime committed, then that person is equally guilty with the person who actually commits the physical deed."

Appellant argues that the six words in brackets, not included in the court's instruction, "before or during the commission thereof," should have been inserted in order to make the proper distinction between an accessory to the crime and an accessory after the fact. There is no doubt, as appellant argues, that an accessory after the fact is, under § 556.180, RSMo 1959, V.A.M.S., guilty of an offense separate and apart from the principal offense, State v. Umble, 115 Mo. 452, 22 S.W. 378, 380, whereas an accessory to the crime is treated as a principal and punished for the principal offense. § 556.170, RSMo 1959, V.A.M.S.

The instruction here speaks of aid in the commission of the crime, not aid in the escape, and is not subject to the objection raised. It adequately requires presence and assistance in the criminal act itself, and is limited to activity for which § 556.-170 makes the actor liable as a principal.

We have also examined the argument of the prosecuting attorney which, appellant contends, amounted to placing a construction on the instruction which would permit the jury to find appellant guilty if he merely transported Seitz from the vicinity of the scene of the offense. The argument referred to "joint participation" and to the two working "jointly." It also referred to the instruction and did not, in our opinion, contain the implication which appellant draws. After the appellant's objection had been overruled, with the court's observation: "The instructions are clear," the prosecutor stated: "Now, there's been a question of whether or not there is evidence by the State to indicate joint action; that is, whether or not Mr. Seitz and Mr. Schleicher together committed this crime." This statement of the proposition involved shows the thrust of the prosecutor's argument. Appellant's objection to the instruction and the argument is without merit.

Inasmuch as the evidence did point to joint activity, appellant's contention that no instruction on that subject should have been given is without merit. State v. Tierney, Mo.Sup., 371 S.W.2d 321, 324[6]; State v. Price, Mo.Sup., 362 S.W.2d 608, 611 [4].

Judgment affirmed.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, C. J., FINCH, DONNELLY, MORGAN, HOLMAN, and BARDGETT, JJ., concur.

SEILER, P. J., dissents in separate dissenting opinion filed.

SEILER, Presiding Judge (dissenting).

The majority opinion says the jury could have found that by accelerating to avoid the police pursuit, the defendant was aiding in the attempted disposition of the property and so was exercising dominion over the stolen property and hence can be convicted of breaking into the Daley residence and stealing the property. The case cited in support of this proposition, State v. Webb (Mo.Sup.) 382 S.W.2d 601, seems to me to involve facts which were much stronger against the defendant than anything which appears in the present case. In the Webb case, not only was the stolen property found in a closet in the kitchen and under the bed in the bedroom in defendant's residence, but there was testimony that defendant was seen carrying cartons containing the stolen property into his house.

As the majority opinion says, the jury in the present case could find the stolen property was in the physical possession of the passenger but it could hardly have been thrown out the window on the passenger's side by defendant, who was driving and being pursued by the police. Defendant should not have tried to run away from the police and it may be he was guilty of giving the passenger aid in an effort to escape, but the fact that defendant was driving and in control of the car does not make him responsible for or in constructive possession of whatever his passenger may have had or thrown out of the car. Suppose the passenger had thrown out a small package of marijuana? Would defendant be guilty of possession, which is a crime under our statutes? Suppose the police found stolen property in the passen-

ger's pockets? Would that support a conviction of defendant in this case? Suppose defendant had not speeded up when the police pursued them but his passenger nevertheless threw objects out of the car? In my opinion we are stretching to the breaking point the constructive possession theory in affirming this burglary and stealing conviction where the possession element with respect to defendant rests entirely on the way in which he drove. The circumstantial evidence here is consistent with defendant, a former convicted felon, not wanting to be apprehended by the police in company with a man who was in possession of stolen property, even though defendant was not involved in the burglary and stealing. The other circumstantial evidence in the case does not point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence. The evidence before us does not overcome the presumption of innocence; it does not rise above suspicion and the fact the jury rejected the explanation tendered in defendant's behalf is not the equivalent of proof to the contrary, State v. Taylor (Mo.Sup.) 422 S.W.2d 633.

I respectfully dissent and would reverse.