**STATE of Missouri, Respondent,**

v.

**Delbert Neal WINTERS, Appellant.**

**No. 35191.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 26, 1974.

Madigan, Hadican & Maloney, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Jefferson City, Darryl L. Hicks, Pros. Atty., Warrenton, for respondent.

KELLY, Judge.

Appellant was charged in an information with the offenses of burglary in the second degree and burglariously stealing. Sections 560.045 and 560.110 RSMo 1969, V. A.M.S.[1] After a jury trial he was convicted of the offenses charged and sentenced to five (5) years on the burglary charge and to three (3) years on the burglariously stealing charge, said sentences to run consecutively for a total term of eight (8) years, in the custody of the Missouri Department of Corrections. We affirm.

Appellant does not question the sufficiency of the evidence to sustain the conviction and therefore a brief statement of the facts will suffice. Appellant met McCallister and Curtis in Collinsville, Illinois, on the evening of February 20, 1972, between 6:30 and 7:00 p. m. and after a conversation concerning easy money the three men rode to Wright City, Missouri, in McCallister's automobile where they burglarized a home identified as the Snyder farm.

1. All references to Statutes herein are to RSMo 1969 and to Rules are to Vernon's Annotated Missouri Rules.

McCallister and Curtis went to the farm home while appellant remained in McCallister's car. Curtis pried open the back door with a screwdriver and then he and McCallister entered the home and removed a camera, some silverware and a television set. When McCallister and Curtis returned to the car they put the silverware and camera in the car and, with the aid of appellant, attempted to put the television in the trunk of the car. When they were unable to fit the television into the trunk of the car they left it on the side of the road and drove to Illinois where they borrowed a pick-up truck and returned to pick up the television set from the side of the road where they had left it. Emmons Jaspering reported the presence of the television set alongside the road and he and the sheriff went to where the television had been left and waited until about 11:30 p. m. when the pick-up truck with appellant, McCallister and Curtis entered the private road leading to the Jaspering residence, stopped momentarily and then backed out. The sheriff followed the pick-up truck for about one and one-half miles when he stopped it, arrested its occupants, and recovered the camera and silverware from the McCallister automobile.

On appeal two points are presented for review. First, error in overruling appellant's motion for change of venue and Second, error in the State's verdict director instructions because they did not contain an aiding and abetting clause.

Appellant filed a timely motion for change of venue pursuant to Rule 30.04, V.A.M.R. supported by the affidavits of five persons: Dennis D. DeRoy, Joyce Johnson, John H. Johnson, William L. Johnson and Lee Young. At the hearing on the motion the testimony established that William L. Johnson, Joyce Johnson and Dennis D. DeRoy all resided in a house trailer at Indian Head Lodge, which is situated about one mile north of Wright City, Missouri. William and Joyce Johnson are husband and wife. John H. Johnson, the father of William L. Johnson, lived on an adjoining lot to where the William Johnsons and Dennis DeRoy lived and approximately three hundred (300) feet from the Johnsons' trailer. Lee Young, the fifth affiant, lived approximately one mile from where the other four affiants resided. On the date the affidavits were signed the five affiants were in a tavern at Indian Head Lodge when an investigator asked them if they would be willing to sign an affidavit. Mr. Young testified that he had not heard the case discussed on radio and television; this was contrary to what he said in his affidavit. He further testified that he did not believe that the inhabitants of the county were prejudiced against the appellant. Dennis DeRoy testified that he did not believe the inhabitants of the county were so prejudiced that the appellant could not receive a fair trial. John H. Johnson also testified that he did not think that the inhabitants of the county were so prejudiced that appellant could not have a fair trial; he testifed that the only person he heard discuss the case was a man from St. Louis who got him to sign the affidavit for the change of venue.

At the conclusion of the evidence on the motion the trial court overruled the motion for change of venue. His order reads:

"The Court finds that said motion is not supported by affidavits of five or more credible, disinterested witnesses residing in different neighborhoods of Warren County and further finds that defendant has failed to prove to the satisfaction of the Court by legal and competent evidence the grounds stated in said motion seeking a change of venue, and defendant's said motion is, therefore, denied."

Supreme Court Rule 30.04 and Section 545.490 require the affidavits of five (5) or more credible, disinterested citizens residing in different neighborhoods of the county where the case is pending in support of the application for a change of venue under the Rule. These requirements

are not met unless the place of residence of each of the affiants is stated in the affidavits so that it may be determined that they reside in different neighborhoods as required. This is especially necessary in those counties with a population of less than 75,000 inhabitants, for the reason that a timely application for change of venue from the county, such as Warren county, with a population of less than 75,000 inhabitants, if supported by the affidavits of at least five "credible, disinterested citizens residing in different neighborhoods" of that county must be granted "as of course" without additional proof. Rule 30.04; Sec. 545.490; State ex rel. Johnson v. Green, 452 S.W.2d 814, 816 [2] (Mo. banc 1970). Here the evidence was uncontradicted that the affiants did not reside in different neighborhoods in the county. We, therefore, rule his first point against appellant.

■ Appellant's second point has been ruled against him in State v. Price, 362 S.W.2d 608, 611 [4] (Mo.1962), and in State v. McCollum, 377 S.W.2d 379, 387 [15] (Mo.1964). The thrust of appellant's contention here is the same as it was in those two cases, viz., that the verdict directors hypothesize a specific finding that the appellant acted with others jointly and with common intent. Instruction No. Three submitted that proposition of law and sufficiently submitted that issue to the jury when read together with the other instructions in the case. The court in McCollum said, 377 S.W.2d l.c. 387: "While it would have been preferable for instructions 2, 3, and 4 to have referred to joint action by some expression such as defendant acting jointly with others with a common intent, etc., nevertheless, instructions 2, 3, and 4, read with instruction 6, sufficiently covered the matter of the joint commission of the crimes charged, and thus it was not essential, upon this record, that instructions 2, 3, or 4 hypothesize a specific finding that defendant acted with others jointly with a common intent."

We also rule this point against appellant.

Judgment affirmed.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.