**STATE of Missouri, Respondent,**

v.

**Leonard HALE, Appellant.**

**No. 37168.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 17, 1976.

Thomas J. Prebil, Mary Louise Moran, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant guilty of second degree burglary and the court sentenced

him to five years' imprisonment. On appeal defendant challenges the sufficiency of the state's evidence.

Christmas day, 1974, while waiting for a bus near the downtown St. Louis Woolworth store, John Patton noticed its front door had been broken in. He saw a man, distinctively dressed and carrying a brown paper bag, hurry past and board a bus. Mr. Patton notified police who found in the store a broken display case that had contained watches. The police radioed a description of the man as related by Mr. Patton and other policemen stopped a bus eight blocks away and found defendant, one of two passengers, seated beside a paper bag containing 75 watches, later identified as Woolworth's property. At the store, and again at trial, Mr. Patton identified defendant as the man he had seen carrying the bag and boarding the bus.

Defendant contends on appeal the state's evidence did not show there had been a break-in of the store or, if so, that defendant had done it.

 Evidence showed the store had been burglariously entered. Defendant was quickly found to be in the exclusive, unexplained possession of the stolen property and it was further shown defendant was present at the time and place of the burglary. This was sufficient evidence to prove the charge. Compare *State v. Fields*, 442 S.W.2d 30[9–10] (Mo.1969).

Defendant's principal reliance is on the circumstantial-evidence case of *State v. Schleicher*, 438 S.W.2d 258 (Mo.1969). There, defendant won a reversal where the only evidence was that he and another man were seen jumping from the bed of a truck which contained stolen merchandise. Unlike the present case, defendant Schleicher was not seen near the scene of the burglary nor was his possession exclusive. *Schleicher* is readily distinguishable. Defendant also relies on *State v. Watson*, 350 S.W.2d 763[1–3] (Mo.1961). That case is similarly distinguishable.

■ Defendant also contends for a mistrial. On one occasion his counsel had ob-

jected to the prosecutor's remark about a matter not in evidence and on another he had objected to the prosecutor's jury argument about the supreme court's definition of "reasonable doubt." In each instance the trial court sustained the defense objection and instructed the jury to disregard. Defendant has not shown how he was prejudiced in either event, and the alleged errors do not rise to a level requiring the drastic action of a mistrial. Compare *State v. Camper*, 391 S.W.2d 926[2–4] (Mo.1965).

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.