Albert William **SCHLEICHER**, Appellant,

v.

Donald W. **WYRICK**, Warden, Missouri State Penitentiary, and John Ashcroft, Attorney General of Missouri, Appellees.

No. 81–1477.

United States Court of Appeals, Eighth Circuit.

Submitted July 23, 1981.

Decided July 30, 1981.

As Amended on Denial of Rehearing Sept. 11, 1981.

Norman W. Pressman, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

This is a habeas corpus petition brought by a state prisoner, Albert William Schleicher. The District Court[1] dismissed for failure to exhaust state remedies. We affirm, though on another ground.

Schleicher claims that the State of Missouri is depriving him of his liberty without due process of law by requiring him to serve an expired sentence. On November 17, 1967, appellant was convicted in a Missouri court on a charge of burglary and sentenced to eight years imprisonment. On August 31, 1968, while on·bond pending appeal, appellant was convicted of another charge and was sentenced to ten years imprisonment. His ten-year sentence was made consecutive to his eight-year sentence. Appellant also appealed this conviction to the Missouri Supreme Court. On January 16, 1969, appellant began serving the ten-year sentence, although his conviction was not affirmed until October 12, 1970. *State v. Schleicher*, 458 S.W.2d 351 (Mo.1970). On June 9, 1969, the eight-year sentence was affirmed. *State v. Schleicher*, 442 S.W.2d 19 (Mo.1969). The commitment papers with respect to it were received by the Department of Corrections on July 16, 1969.

* The Hon. Ronald N. Davies, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

The State contends that on July 17, 1969, in order to give effect to the consecutive sentences, the running of the ten-year sentence was suspended, and the running of the eight-year sentence commenced. Appellant disagrees, stating that the prison officials treated him as though he were continuing to serve the ten-year sentence until shortly before his mandatory release time. At that time, he contends, he was informed that he was in fact serving the eight-year sentence and that upon the expiration of that sentence he would begin serving the ten-year sentence.

Appellant was paroled on September 25, 1975. On December 7, 1979, while on parole, he was again convicted of burglary. As a result appellant's parole was revoked, and he is now serving the remainder of the ten-year sentence.

It does not matter when appellant began serving his eight-year sentence, as under either version of the facts appellant fails to show that he is being deprived of his liberty without due process of law. Appellant was sentenced to two consecutive terms of eight and ten years. No matter in what order these two terms were served, appellant would still have been subject to one of them at the time of his December 7, 1979, conviction and subsequent revocation of parole. In either case, appellant is not serving an expired sentence. It is argued that Missouri law prohibits the service of a sentence in "installments." Even if this is true, Schleicher is not entitled to federal habeas corpus relief. In the circumstances of this case, the Due Process Clause of the Fourteenth Amendment imposes no such rule on the states. Schleicher has been continuously in custody, in obedience to the state courts' imposition on him of consecutive sentences. This is not a case, therefore, where there has been a premature release from custody, or a delay in the incarceration of a defendant, caused by affirmatively wrong or grossly negligent governmental action. See *Shelton v. Ciccone*, 578 F.2d 1241, 1244 (8th Cir. 1978).

The judgment dismissing the petition is affirmed.