**STATE of Missouri, Respondent,**

v.

**Jack FARMER, Appellant.**

No. 57609.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Allan Seidel, Asst. Atty. Gen., Jefferson City, Attorneys for Respondent.

Vernie R. Crandall, Freize & Crandall, Carthage, Attorney for Appellant.

SEILER, Judge.

Defendant, with a prior conviction of carrying a concealed weapon, upon which the second offender act was added to the charges, appeals from his conviction of

second degree burglary and stealing.[1] His single contention is that "the evidence did not establish a submissible case for the jury under the theory that the possessor of recently stolen property is presumed to be the thief."

At 2:30 a. m., February 25, 1971, officer Spencer of the Nevada, Missouri police force discovered the padlock had been broken on the door to the American Legion building. The police found no one inside but "everything was disturbed behind the counter." There was no showing what, if any, property was missing.

The police had several times that evening seen Don Owens, whom they knew, driving his car, a 1960 Pontiac 4-door sedan. Once was around 11:00 or 11:30 p. m., near the American Legion, and once around midnight on the city square. They also saw someone else in the front seat and someone in the rear, but could not tell who they were.

After the American Legion break-in was discovered, the police decided to stop the Owens car. It was next seen by officer Spencer, around 2:45 a. m., proceeding north on U.S. 71. He followed and stopped it outside the city limits. Owens was driving. A man named Wayne Stanart was in the front seat. Defendant was lying in the back seat, "intoxicated", but not "drunk", although he appeared "passed out". In the back seat and on the back seat floor were loose beer cans, cigars, beer in cartons, packages of cigarettes and a plastic bag containing cigarettes, beer and sandwiches. In addition, on the floor was a cash register, upside down, size and weight not shown.

The three men were arrested and taken to the police station, where the police inspected the cash register. It contained $81.00 in bills, a few checks, and some keys. One of the checks was to the Nevada 66 service station, which is located in

Nevada on U.S. 71 highway toward the north. Officer Bliss was sent to the station. He found the door ajar, broken open, and inside was a cash register lid, the lid of the cigarette machine, and the coin drawer from the cigarette machine. The service station operator identified the cash register and said it had contained $81.00 in bills when he locked the station that night, time not stated.

The record is silent as to the ownership of the beer, cigars, cigarettes or sandwiches which the police found in the back seat of the Owens car or whether any such items were missing from the filling station. Defendant was charged with breaking into the service station and stealing the cash register and the $81.00.

The only evidence which can be claimed to connect defendant with the burglary of the service station and the stealing of the cash register is the cash register itself, found upside down on the floor of the back seat of the Owens automobile. There is no testimony in the record that defendant or anyone else or the Owens car had been seen at or near the service station that night. There is no testimony as to when defendant entered the automobile or that he was one of the men seen in the car earlier in the evening, although the police had known defendant for years; no testimony as to when the cash register was put in the car or who put it there or its size or weight. No burglary tools were found in the car. It is not shown when the service station was broken into, except that it and the American Legion building were intact when officer Spencer made his 11:00 p. m. check. Although the arrest occurred outside the city limits, no assertion was made by the police, nor by the state on this appeal, that there was any attempt at flight.

■ In our opinion, the evidence is not sufficient to sustain the conviction. Defendant was not the owner or driver of the automobile and there is no evidence he ex-

---

1. Since the appeal was here before the 1970 amendment to Art. V, Constitution of Missouri, V.A.M.S., took effect, we have jurisdiction.

ercised any control over it. There is no indication he alone had access to the rear seat. Unlike State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969), relied on by the state, the defendant was not apprehended leaving the scene of the crime, in a rapidly accelerating car with the lights off, with the police close behind. In the Cobb case, 444 S.W.2d l.c. 414, the defendant ". . . was shown to have been at the scene of the crime and had an opportunity to commit it in addition to being a passenger in the car transporting the stolen property . . ." Not so here. The Cobb case states it is not necessary to show that the passenger has any interest in or right to possession of the automobile in which the stolen goods were found, but as stated, that case had the added facts that when the burglar alarm went off at 4:25 a. m. and the police answered the call, the automobile was seen leaving the drugstore which had just been broken into and in trying to speed away across the parking lot, the automobile skidded into a ditch and stalled. In this setting, the stolen bottles of prescription drugs were found in a carton on the floor behind the right front seat occupied by the defendant. The Cobb case, therefore, does not rest entirely on the fact of the stolen property being found in the same car as the defendant passenger.

Here, with defendant intoxicated and "passed out" in the rear seat of an automobile being operated by the owner, and with another passenger present in the car, we do not see where defendant can be said to have been in exclusive possession of the cash register. There was no more than a joint possession with the owner of the vehicle, Owens, and perhaps also with the other passenger, Stanart. Where there is only a joint possession of recently stolen property our recent affirmances have all contained something additional which ties defendant to the burglary and stealing.

For example, in State v. Johnson, 447 S.W.2d 285 (Mo.1969), where there were three men in the automobile, with the recently stolen property in a pillow case in the front seat, there was also evidence indicating that the burglary occurred only a few minutes before the men were arrested, at a time when the defendant was with the other two men, that two men did the burglary and stealing while the third handled the car, and that defendant at time of arrest tried to hide some of the stolen property. The court concluded, 447 S.W.2d l.c. 290: "The evidence of possession of recently stolen property, coupled with the testimony which indicated that the burglary occurred at a time when defendant testified he was with Raymer and Skaggs, is sufficient to support the verdict of guilty."

In State v. Schleicher, 458 S.W.2d 351 (Mo. banc 1970), where there were two men in a car, with the stolen property in the physical possession of the passenger, the driver was held a party to its possession and the conviction was affirmed, but in addition it appeared the driver speeded up to escape police pursuit, during which time the passenger was throwing stolen articles out the window, the flight commenced close to the scene of the burglary, and there was physical evidence that two men had been in the burglarized house, one acting as lookout and the other ransacking.

In State v. Lewis, 482 S.W.2d 432 (Mo. 1972), defendant and another were apprehended in the woods, close to the place where a stolen television set was hidden. The conviction was affirmed, but the court observed, 482 S.W.2d l.c. 434, that there were facts pointing to defendant's guilt in addition to possession of recently stolen property.

"Where the evidence of defendant's agency in connection with the [burglary and stealing] charged is entirely circumstantial, the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence . . ." State v. Walker, 365 S.W.2d 597, 601 (Mo.1963).

The circumstances are suspicious, but suspicion of guilt, however strong, is not sufficient to overcome the presumption of innocence and to sustain a criminal conviction. All we have regarding defendant's possession of the stolen filling station property or his taking part personally, or in a conspiracy or common effort to commit the crime, is that he was found intoxicated in the back seat of another's automobile, with the cash register on the floor near him, some undetermined length of time after the burglary, with nothing to show any past connection with either of the other two men in the car. On what there is before us, there is not enough to support a legal inference that defendant participated in the filling station burglary and theft of the cash register.

It may be there is other evidence on which the state can make a submissible case, and the cause is therefore reversed and remanded, but if the state cannot produce additional evidence, the case should be dismissed.

Reversed and remanded.

BARDGETT, J., concurs.

HOLMAN, P. J., dubitante.