**STATE of Missouri, Respondent,**

**v.**

**Jerry PRUETT, Appellant.**

**No. 9492.**

Missouri Court of Appeals, Springfield District.

April 23, 1975.

Rehearing Denied May 9, 1975.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

William H. Bruce, Jr., Ellington (on brief), L. Dwayne Hackworth, Piedmont, for appellant.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Jerry Pruett was sentenced under the Second Offender Act to a five year prison term for felonious stealing following his conviction by a Reynolds County jury. In this appeal the defendant, inter alia, has challenged the sufficiency of the evidence to support the verdict and judgment. We have reviewed the record in its entirety and agree with the defendant's contention. The judgment is reversed and the case remanded.[1]

Sometime during the night of March 6, 1972, or the early morning hours of March 7, 1972, a drug store at Ellington, Missouri, was forcibly entered and a quantity of narcotics and merchandise stolen.

On March 9, 1972, in St. Louis, Missouri, the defendant was riding in the front seat of an automobile owned by Alice Carpenter and driven by Donnie Morrison. Larry Schoenich was a passenger in the rear seat of the vehicle. The car was stopped by St. Louis police officers, the interior of the vehicle searched at the scene, and the defendant and his companions arrested. At a later time at the police station the locked trunk of the car was searched, and items identified by the drug store owner as having been stolen from his Ellington store were found. These articles were admitted in evidence at the defendant's trial.

There was no evidence that the defendant, his companions, or the vehicle they were in on March 9, were in the Ellington area before or after the theft from the drug store. The record is silent as to when the defendant entered the automobile and contains no testimony as to when the stolen articles were placed in the vehicle's trunk or by whom. There is no evidence the defendant exercised any control over the automobile.

"Where the evidence of defendant's agency in connection with the [stealing]

charged is entirely circumstantial, the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence. . . . " State v. Walker, 365 S.W.2d 597, 601 (Mo.1963).

Here, the defendant's conviction of felonious stealing in this wholly circumstantial evidence case is dependent solely upon the inferences of guilt which the jury is permitted to draw in Missouri from the circumstance of an accused's unexplained possession of recently stolen property. State v. Chase, 444 S.W.2d 398 (Mo. banc 1969); State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969).

"Generally speaking, a defendant's possession of property stolen in a burglary should, to afford evidence of his guilt, be recent, that is, not too remote in point of time from the crime, personal, exclusive, distinct and conscious, and unexplained." 12 C.J.S. Burglary § 59b, at 736–737 (1938).

The requirement of "exclusiveness" does not mean that the possession must necessarily be separate from all others, since an "exclusive" possession may be the joint possession of two or more acting in concert. However, if the possession relied upon to raise the guilt inference is joint with another, there must be *something else* in the evidence to connect the defendant with the offense. "Where there is only a joint possession of recently stolen property our recent affirmances have all contained *something additional* which ties defendant to the burglary and stealing." State v. Farmer, 490 S.W.2d 72, 74 (Mo. 1973) (our emphasis).

---

1. In view of our determination that the evidence is insufficient to support the verdict and judgment, we do not consider nor rule upon the defendant's points concerning his arrest, search and seizure, and various other alleged errors.

In holding the evidence insufficient to support the defendant's conviction in State v. Farmer, supra, the court held that where the defendant was intoxicated and "passed out" in the rear seat of an automobile being operated by the owner, and with another passenger present in the car, the defendant was not in "exclusive" possession of a recently stolen cash register which was on the rear floor of the automobile but at most he was in joint possession with the owner of the vehicle and possibly the other passenger. There was no other evidence to link the defendant to the theft, and lacking such additional facts, the court held the conviction could not stand. "The circumstances are suspicious, but suspicion of guilt, however strong, is not sufficient to overcome the presumption of innocence and to sustain a criminal conviction." 490 S.W.2d at 75.

■ Giving the state the benefit of the most favorable view of the evidence and inferences in support of the conviction [State v. Schleicher, 438 S.W.2d 258 (Mo. 1969)] the most that can be said in this case is that the state proved the defendant was in joint possession of property stolen two nights before at a location many miles away. This joint possession is founded solely on his being a passenger in a car the trunk of which contained stolen articles, with nothing to show any past connection with either of the other two men in the car, or with the car itself. In the absence of additional facts and circumstances to connect the defendant with the theft from the drug store there is not enough in the transcript before us to support a legal inference that the defendant participated in the crime.

There may be other evidence on which the state can make a submissible case, and the cause is therefore reversed and remanded. However, if the state cannot produce additional evidence, the case should be dismissed and the defendant discharged.

All concur.