**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kenneth George KRAMER, Defendant-Appellant.**

**No. 36740.**

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 24, 1976.

George E. Sullivan, O'Fallon, for defendant-appellant.

James G. Gregory, Montgomery City, John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Defendant was convicted by a jury of stealing property of the value of over $50.00. Sections 560.156; 560.161 RSMo 1969. The jury was unable to agree on punishment and the defendant was sentenced by the court to two years imprisonment. Defendant appeals.

Defendant raises two contentions on appeal. (1) The trial court erred in not sustaining his motion for acquittal at the close of the State's case because the evidence was insufficient to support a circumstantial evidence conviction. (2) "The trial court erred in submitting the case to the jury because as a matter of law a satisfactory explanation of the possession of alleged recently stolen property had been made by defendant and there was nothing for the jury to decide."

To determine whether the evidence was sufficient to support a conviction, we view the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the state. *State v. Thomas*, 529 S.W.2d 379 (Mo.1975); *State v. Colton*, 529 S.W.2d 919 (Mo.App.1975). It is not the function of this court to weigh the evidence. It is the function of the jury to weigh and evaluate the evidence and to make the determination of whether the evidence proved defendant guilty beyond a reasonable doubt. Our review is limited to determining whether there was sufficient

substantial evidence to support the jury's finding. *State v. Summers*, 506 S.W.2d 67[1, 2] (Mo.App.1974); *State v. Strong*, 484 S.W.2d 657[10, 12] (Mo.1972).

■ This is a circumstantial evidence case and the sufficiency of the evidence is examined under a strict test. The facts and circumstances of a conviction based on circumstantial evidence must be consistent with each other, consistent with the hypothesis of the defendant's guilt and inconsistent with innocence and point so clearly and satisfactorily to guilt so as to exclude every other reasonable hypothesis of innocence. *State v. Sallee*, 436 S.W.2d 246, 249–250[1] (Mo.1969); *State v. Oliver*, 520 S.W.2d 99, 101[3] (Mo.App.1973).

■ Likewise, that while circumstantial evidence must exclude every reasonable hypothesis of innocence it need not be conclusive nor prove an absolute impossibility of innocence. *State v. Grey*, 525 S.W.2d 367, 369[1] (Mo.App.1975).

Accordingly, our review being governed by these principles we set forth the evidence. Kenneth Knipmeyer owned a farm in Montgomery County, Missouri. Prior to approximately June 23, 1974, he owned two welding machines which were kept in a building on the premises, a red 180 amp Forney and a gray 400 amp Westinghouse. The fair market value of the Forney was $150.00 and of the Westinghouse between $200.00 and $300.00, according to Kenneth Knipmeyer's unchallenged testimony. The defendant and Thornton sold the two machines to Mr. George Pfister on June 23, 1974. On June 24, 1974, Mr. Parker Harlan, who is City Marshall of Bellflower, Missouri, went to work at Mr. George Pfister's residence and noticed on the premises two welding machines, a red Forney and a gray Westinghouse. That afternoon an informant told Harlan that defendant and one Robert Thornton had stolen the two machines. Harlan went to the Knipmeyer farm and learned that two welding machines which resembled the ones he had seen at the Pfister premises were missing.

He also noticed that there were tire tracks appearing to be from a pickup truck showing that a vehicle had been backed up to the door of the building where the machines were kept; and there were marks on the concrete floor across which the machines had been dragged. The last time anyone had seen the machines on the Knipmeyer farm was about two weeks earlier, when Charles Knipmeyer, Kenneth Knipmeyer's cousin who watches over the farm in Kenneth's absence, was there planting corn.

When analyzed according to the above principles, the evidence reveals that Kenneth Knipmeyer identified with great specificity the two welding machines as his property. The defendant and Thornton sold the two welding machines to George Pfister on June 23, 1974. The defendant and Thornton delivered the machines to Pfister in a truck borrowed from one Henry Brewer, and fresh tire tracks too wide to be from a car were observed at the door of the building from where the machines were taken. The day after the machines were sold to Pfister they were discovered missing from the Knipmeyer farm; and that although defendant testified that he obtained one of the welders from a dump after he had seen it there on two consecutive days, Charles Knipmeyer who regularly drives by the dump testified that he never saw a discarded welding machine there. Taken together, these facts are inconsistent with a reasonable hypothesis of appellant's innocence. We are convinced that the strict test to sustain a circumstantial evidence conviction has been met here. Defendant's first contention that there is insufficient evidence to support the conviction is denied.

Defendant's second allegation is that the trial court erred in submitting the case to the jury because a satisfactory explanation of the possession of the alleged recently stolen property had been made by defendant and "there was nothing for the jury to decide."

■ There is no rule of law to this effect; in fact, the opposite is true. It is

not the prerogative of the judge to remove the case from the jury whenever the evidence fails to exclude every possible hypothesis of defendant's innocence. *State v. Mussman*, 526 S.W.2d 62, 64[3] (Mo.App. 1975); *State v. Thomas*, 452 S.W.2d 160, 162[3] (Mo.1970). Rather, the rule is that the credibility of a defendant's explanation as to possession of stolen or allegedly stolen property is a question of fact peculiarly within the juror's purview, and if they do not believe the explanation offered, the possession remains unexplained. *State v. Grey*, 525 S.W.2d 367, 369–370[4] (Mo.App. 1975); *State v. Cobb*, 444 S.W.2d 408, 414[10] (Mo. banc 1969); *State v. Sallee*, 436 S.W.2d 246, 250[2] (Mo.1969). Defendant's alibi for possession of the welding machines was that one of them was found in a dump and the other never belonged to Knipmeyer but was the property of defendant's partner Thornton, and which Knipmeyer mistook for his own. To paraphrase the apt discussion in *State v. Denison*, 352 Mo. 572, 178 S.W.2d 449, 454[7] (Mo.1944), cited with approval in *State v. Grey, supra,* defendant's theory seems to be that if he explains his possession, the jury must believe it—but in almost all cases the defendant offers some explanation. The doctrine is that the credibility of the explanation is a question of fact for the jury, not that they must believe whatever explanation for possession the defendant offers. The point is without merit.

The judgment is affirmed.

WEIER, P. J., and McMILLIAN, J., concur.