**STATE of Missouri, Plaintiff-Respondent,**

v.

**Curtis McCLINTON, Defendant-Appellant.**

**No. 39120.**

Missouri Court of Appeals, St. Louis District, Division One.

May 9, 1978.

Thomas R. Motley, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Curtis McClinton appeals from a conviction entered in the circuit court of the City of St. Louis for the offense of stealing from a dwelling house in violation of § 560.156, RSMo1969. Appellant was found guilty after a trial by jury, and received a sentence of five (5) years imprisonment according to § 560.161, RSMo1969.

On appeal, appellant attacks the sufficiency of the evidence; therefore, a recitation of the facts presented at trial is necessary. On October 23, 1976, approximately 7:40 p. m., appellant was driving south in the 4100 block of Newstead Avenue with his headlights off. Officer Rodney Williams, of the St. Louis Police Department, seeing this traffic violation, pulled behind appellant and turned on his red lights. Appellant pulled to the curb, got out of his car and walked back to Officer Williams' vehicle. At the officer's request, appellant produced his driver's license. After examining the driver's license, the officer got out of his vehicle and approached appellant's car.

In the car the officer observed two passengers as well as a television set, two suede coats, and some ladies' jewelry, all of which was partially concealed under a blanket in the back seat. Officer Williams then ordered the two passengers out of the car. While the officer was looking at the items in the back seat, one of the passengers, Stanley Smith, ran away. In answer to the officer's inquiry as to the ownership of the property in the back seat, the appellant indicated that it belonged to Smith, and that he had been helping Smith move the items from the apartment of Smith's sister, Frances Smith.

At Officer Williams' request, the appellant directed the officer to Frances Smith's apartment located at 4557A Clarence Avenue. We noted that this apartment was only four blocks from the location where Officer Williams had stopped appellant. Officer Williams then questioned Smith's sister, Ms. Frances Smith, who stated that her brother had been at her apartment earlier, but that he was not moving any of her clothing or furniture, and that he had no property of his own at her apartment to move. Ms. Smith further stated that she did not own any of the items found in the back seat of appellant's car. At this point, the officer arrested appellant for driving without headlights and took him into custody.

Later that evening, the police received a call from Frederick L. Jones, who lives next door to Ms. Smith at 4557A Clarence Avenue, informing them that his apartment had been burglarized. According to Jones' testimony, he was gone from his apartment from 6:00 p. m. to 10:00 p. m., that evening. Upon his return he found his front door pried open and that a television set, some clothes and some ladies' jewelry were missing. Jones identified all of the items seized by police from appellant's car as those items taken from his apartment. Appellant offered no evidence in his behalf, and at the end of the case made a motion for judgment of acquittal, which was denied.

On appeal, appellant argues that the trial court erred in failing to sustain his motion

for judgment of acquittal because the inference of recent, joint possession of stolen property, which arose when the stolen property was found in the back seat of appellant's car, was insufficient to support the submission of the case to the jury.

In Missouri an inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary, and the inference exists both as to the offense of burglary and of stealing. *State v. Cobb,* 444 S.W.2d 408, 414 (Mo.1969); *State v. Fields,* 442 S.W.2d 30, 35 (Mo.1969); *State v. Kennedy,* 396 S.W.2d 595, 598 (Mo. 1968). In addition, the possession of recently stolen property which would support an inference of guilt may be a joint possession of the accused and others, and such possession need not be separated from all possession by others. *State v. Heitman,* 473 S.W.2d 722, 726 (Mo.1971); *State v. Cobb,* supra at 412. However, where the possession of recently stolen property is shown to be joint with another, there must be something else in the evidence to connect the defendant with the offense. *State v. Mayfield,* 520 S.W.2d 680, 683 (Mo.App.1975); *see also State v. Farmer,* 490 S.W.2d 72, 74 (Mo.1973); *State v. Fields,* supra, at 35.

Applying these general principles to the presented facts, we hold that the evidence was sufficient to make a submissible case for the jury. The fact that the joint possession was recent and unexplained is patent. Moreover, there are other facts which connect appellant with the offense charged. Appellant, by his own admission, stated to Officer Williams that the threesome had just left a party which was allegedly in progress in Ms. Smith's apartment, which is located next door to the victim's apartment. Also, Ms. Smith told Officer Williams that her brother had been at her apartment earlier. The appellant was stopped four blocks from the scene of the crime at the approximate time the crime had occurred. Thus, appellant was placed at the scene of the crime, with the opportunity to commit the crime, at the time the crime allegedly occurred. These facts are sufficient to circumstantially link appellant to the commission of the crime.

In Missouri, similar circumstantial facts have been held to be sufficient to make a submissible case involving joint possession. In *State v. Cobb,* supra, appellant was a passenger in an automobile which was stopped by police in close proximity to a drug store which had just been burglarized. The car in which Cobb had been riding was seen by the police leaving the drug store's parking lot. The car quickly accelerated, ran across a ditch, and stalled in the middle of a nearby highway. At this point, the police stopped the car and found a carton of prescription drugs which had been stolen from the drug store. The supreme court held that a submissible case based on inferences of joint possession had been made where the appellant was shown to have been at the scene of the crime and had an opportunity to commit it, as well as being a passenger in the car transporting the stolen property. *Cobb,* supra, at 414. Similar facts have been so presented here.

Appellant has cited *State v. Watson,* 350 S.W.2d 763 (Mo.1961), in support of his argument. This case, however, has been severely questioned, even by its author, and its precedential value is doubtful. *State v. Mayfield,* supra, at 683; *see also State v. Heitman,* supra, at 727 and *Cobb,* supra, at 414. Even if *Watson* were on sound ground, its facts are distinguishable. In *Watson,* there were no facts presented which placed appellant at the scene of the crime, nor which showed that appellant had an opportunity to commit the crime. Thus, in *Watson,* there were no additional facts, beyond the joint possession of the stolen goods, to connect the appellant to the commission of the crime. Here, such facts are present.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.