STATE of Missouri, Respondent,

v.

**Johnny Lee WALKER, Appellant.**

**No. 44534.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
July 12, 1982.

Gary Lee Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Pros. Atty., Cape Girardeau, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Johnny Lee Walker guilty of burglary and stealing. The court sentenced him to consecutive five and three year prison terms.

On appeal defendant challenges the sufficiency of the state's evidence.

Police testified that at 4:54 A.M. their burglar alarm indicated a break-in at a local gun store. A glass door had been broken out; it bore the foot-print of Charles Rayford. About 20 minutes later police saw defendant and Rayford going down the street. At first they disregarded the police spotlight, speeded up, and appeared to throw something away; it was a scale, later identified as having been taken from the burglarized store. The men's clothing was soiled with dirt and debris. Both defendant and Rayford had often been in the store. Both were arrested.

The police returned to the gun shop and in a dusty, brushy area behind it found seven rifles hidden. Each was identified by the owner.

Defendant and his wife testified they were awakened at home by Rayford at 5:10 A.M.; that was about 15 minutes after the break-in. Defendant accepted Rayford's invitation to go out and "help him carry something", to "help him make some money". Defendant admitted that when stopped by the police he had falsely said he and Rayford were out jogging.

As to defendant the state's evidence was circumstantial. When the state's case rests upon circumstantial evidence the facts and circumstances must be consistent with each other and with a hypothesis of defendant's guilt, and must be inconsistent with any reasonable theory of his innocence. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980). Here, the jury could consider

defendant's joint possession of the recently stolen scale, his soiled clothing indicating he had stashed the stolen rifles, and his lie to the police about jogging. Each was inconsistent with his claimed alibi. *Compare State v. McIntosh*, 559 S.W.2d 606 (Mo.App. 1977).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.