STATE of Missouri,
Plaintiff-Respondent,

v.

Bobby David PICKETT,
Defendant-Appellant.

No. 44962.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 23, 1982.

John Ashcroft, Kristie Green, Asst. Attys. Gen., Gary Stevenson, Pros. Atty., Jefferson City, for plaintiff-respondent.

Kenneth A. Seufert, Public Defender, Farmington, for defendant-appellant.

SIMON, Presiding Judge.

This is an appeal by defendant Bobby David Pickett (Pickett) from his conviction on two counts of Second Degree Burglary § 569.170 RSMo (1978) and two counts of Stealing § 570.030 RSMo (1978).

The convictions were entered following a jury verdict in the Circuit Court of St. Francois County. On appeal, Pickett contends that the trial court erred: (1) by failing to acquit Pickett because the State's circumstantial evidence was insufficient; (2) by admitting evidence of Pickett's escape from jail while awaiting trial since Pickett was being held on more than one charge and evidence regarding the escape is not necessarily evidence of guilt to the burglary charge of this case; (3) by permitting the prosecutor in closing argument to refer to a recent wave of rural burglaries and to imply that Pickett came from St. Louis to burglarize the rural area because this served to inflame and prejudice the jury; (4) by denying Pickett's motion to suppress evidence seized during the arrest, and his oral statements at the time of the arrest, because probable cause was lacking; and (5) by admitting the testimony of Deputy Mullins concerning the description of a truck used in a prior burglary that matched the truck in which Pickett was riding, because this testimony was irrelevant and prejudicial in that it indicated that Pickett had committed other crimes. We affirm.

The pertinent facts are as follows: The residence of Mrs. Verna Foulkes, in St. Francois County, was burglarized on August 4, 1980, between 10:00 a.m. and 11:30 a.m. and a chain saw, television, television stand and channel lock pliers were taken. On the same day, between 7:30 a.m. and 4:15 p.m., the residence of Mrs. Lillie Porterfield, also in St. Francois County, was burglarized and three guns and assorted jewelry were taken. The doorknobs in both homes had been mangled.

At 9:30 a.m. on the same day, Jefferson County Deputy Sheriff, Robert Mullins, saw a rust brown Ford pick-up truck with red primer paint over one of its rear wheels proceeding south on Hardin Road, just north of the Jefferson-St. Francois County line. Mullins, who had been proceeding north on Hardin Road, turned around to pursue the truck because it matched the description of a truck used in a previous burglary. This point on Hardin Road is approximately 1¾ miles from one of the burglarized residences and 6½ miles from the other. Mullins lost sight of the truck, but he radioed Jefferson County Deputy Sheriff Timothy Arnold to look for it and detain it if possible.

At 10:56 a.m. on the same day, Arnold saw the same truck proceeding north on Highway 67, going toward St. Louis. Arnold, who had been driving south, crossed the median to pursue the truck. He observed the truck turn into a gravel roadway, which turned out to be a dead-end driveway. The truck was out of Arnold's view for approximately one minute. When Arnold reached the truck, its three occupants, Pickett and two others, had stopped the truck and were getting out of it. One of the other persons had been driving the truck. The three walked back toward Arnold's car when Arnold arrived. They made no attempt to flee. When Arnold walked up to the truck he saw a television and chain saw in the truck's bed. He also saw jewelry dangling out of the glove box, which was open. Pickett volunteered that he had borrowed the chain saw from his

father. One of the other suspects volunteered that the television belonged to his mother and the jewelry to his daughter. Arnold arrested the three men. Deputy Mullins, whom Arnold had radioed, arrived at the scene to assist Arnold. Mullins found three pairs of channel lock pliers in the glove box.

The scene of the arrest is approximately 6¼ miles from one of the burglarized residences and 11 miles from the other. Later that same day, Mrs. Foulkes identified the television and chain saw as the ones stolen from her house. Mrs. Porterfield identified the jewelry found in the glove box as hers, though not everything that had been stolen was there. Later that week the owner of the property where the arrest took place found Mrs. Foulkes' television stand, Mrs. Porterfield's three guns, and more of Mrs. Porterfield's jewelry.

In our consideration of Pickett's contentions, we have considered the evidence and its reasonable inferences in a light most favorable to the State and disregarded all evidence to the contrary. *State v. Arnold,* 566 S.W.2d 185, 187 (Mo. banc 1978).

■ Pickett's first contention is that the State's evidence of his guilt was insufficient for conviction. We disagree. The unexplained possession of recently stolen property gives rise to a permissible inference of guilt and constitutes sufficient evidence to submit a case of burglary and stealing to the jury. *State v. McClinton,* 566 S.W.2d 506, 508[1, 2] (Mo.App.1978). Moreover, the requirement that possession of stolen goods be "unexplained" means simply that the explanation for the possession is a question for the jury. The jury rejected Pickett's explanation concerning the stolen goods. *State v. McIntosh,* 559 S.W.2d 606, 609[7] (Mo.App.1977).

■ However, when a defendant is found in joint possession of stolen property, the State must present additional evidence of defendant's connection to the crime. *McIntosh,* at 609[6]. Here, sufficient additional evidence existed. The police arrested Pickett, in possession of stolen property, within

a few hours of the burglary. Moreover, the police apprehended Pickett in the general vicinity of the burglary. Finally, Pickett attempted to deceive the arresting officer with a false explanation of his possession of the stolen property. He also acquiesced in the explanation offered by one of his accomplices.

Pickett contends that the State failed to present sufficient evidence to establish his "affirmative participation" in the burglary and stealing. We disagree.

The requirement of "affirmative participation" may be satisfied by inference and the evidence need not directly place the defendant in the act of committing the crime for which he is charged. *Arnold* at 187. Pickett's first point is meritless.

■ Pickett's second point is that the trial court's admission of evidence that Pickett escaped from jail three weeks after his arrest prejudiced the jury against him. The basis of Pickett's claim is that he was awaiting trial for more than one charge, and therefore, evidence of his escape does not necessarily infer a consciousness of guilt. Our Supreme Court does not embrace this position. In *State v. Hughes,* 596 S.W.2d 723, 728[10] (Mo. banc 1980), it held that evidence of escape is admissible even when the criminal defendant is being held on two or more distinct charges at the time of the escape. Pickett's second point is unconvincing.

■ Pickett's third contention on appeal is that the prosecutor's closing argument references to the problems of rural burglary and the possibility that Pickett had come down to rural Missouri from St. Louis to burglarize inflamed and prejudiced the jury. Pickett's objections to these statements were overruled. Our Supreme Court, in *State v. Olds,* 603 S.W.2d 501, 511[14] (Mo. banc 1980), upheld a trial court's decision to allow similar references. The prosecutor's statements here were consistent with its theory of the case and the facts as adduced at trial. Thus, Pickett's argument fails.

Fourth, Pickett contends that the arresting officers did not have probable cause to arrest him and, therefore, the trial court erred when it denied his motion to suppress the evidence seized at the arrest scene. Since the arresting officer did not have a search warrant, this court acknowledges, as Pickett points out, that the evidence, to be admissible, must be the product of a search and interrogation incident to a lawful arrest. In order to make a lawful arrest, the arresting officer must have probable cause to arrest. Our Supreme Court, in *State v. Wiley*, 522 S.W.2d 281, 287[1, 3] (Mo. banc 1975), set forth the standard for the determination of probable cause, i.e., Did the arresting officer have knowledge of facts and circumstances of which he had reasonably trustworthy information, sufficient in themselves to warrant a man of reasonable caution to believe that the person to be arrested has committed or is committing an offense? We hold here that the arresting officer met that standard. First, the truck from which Pickett was arrested matched a detailed description of a truck used in a previous burglary in the same area. While investigating the previous burglary, which occurred approximately two weeks before the burglaries in the instant case, Deputy Mullins interviewed a neighbor who had observed a rust brown Ford pick-up truck with red primer paint over one of the rear wheels. Officer Arnold later saw a vehicle matching the description. He detained it and then arrested Pickett. In *State v. Harris*, 477 S.W.2d 42, 46[5] (Mo.1972), our Supreme Court held that arresting officers had probable cause on facts similar to these. In fact, the arresting officers in *Harris* had a description that was less detailed than the one the arresting officers had there. Pickett's fourth contention is meritless.

Pickett finally contends that the trial court erred when it allowed the prosecutor, over objection, to ask Officer Mullins why he had noticed Pickett's truck and allowed Mullins to respond that he had "received information concerning a truck that fit that description." Essentially, Pickett contends that this testimony is prejudicial and irrelevant in that it tends to show that Pickett had committed other crimes.

Concerning matters of relevancy and materiality, the trial court has broad discretion. *State v. Wickizer*, 583 S.W.2d 519, 524[9–11] (Mo. banc 1979). Moreover, [i]n a criminal proceeding questions of relevancy are left to the discretion of the trial court and its rulings will be disturbed only if an abuse of discretion is shown. *State v. Wood*, 596 S.W.2d 394, 402[19, 20] (Mo. banc 1980).

While it is true that evidence of another crime is prejudicial and inadmissible under *State v. Dunn*, 577 S.W.2d 649, 652 (Mo. banc 1979), the witness' statement here did not specify any crime whatsoever. Therefore, it was sufficiently neutral and not prejudicial.

For the foregoing reasons, we affirm the conviction of Bobby David Pickett for two counts of Second Degree Burglary and two counts of Stealing.

SATZ and STEPHAN, JJ., concur.