**STATE of Missouri, Respondent,**

v.

**Elza SANFORD, Appellant.**

**No. 53692.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Presiding Judge.

In this jury-tried case, defendant appeals his convictions of second degree burglary, a Class "C" felony under § 569.170, RSMo 1986, and stealing, a Class "C" felony under § 570.030.3(1), RSMo 1986. We affirm.

Defendant raises three points. First, the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence, because the State failed to make a submissible case. We disagree, because the evidence was sufficient to make a submissible case on the charged offenses. Second, the trial court erred in denying defendant's request for a mistrial when a police officer testified that he verified de-

fendant's birth date against arrest records. We disagree, because the basis for denial was proper; and the trial court did not abuse its discretion. Third, the trial court "plainly erred in failing to declare a mistrial" based on an officer's answer to a question from defense counsel. This point was not preserved for appellate review; further, we find no plain error.

Defendant's first point alleges that the trial court erred in denying his motion for judgment of acquittal. Defendant was charged with and found guilty of acting with or aiding another in the commission of burglary and stealing. Defendant contends that the State failed to make a submissible case on these charges.

In examining this point, we view the evidence and inferences in the light most favorable to the verdict, disregarding all contrary evidence and inferences. *State v. White*, 736 S.W.2d 499, 500 (Mo.App.E.D. 1987). "We do not weigh the evidence but determine whether the evidence was sufficient for reasonable persons to have found defendant guilty as charged." *Id.*

Further, the State's case is based on circumstantial evidence. Therefore, "the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt." *State v. Counts*, 671 S.W.2d 818, 819 (Mo.App.E.D.1984). "The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence." *Id.* The circumstances, however, "need not be absolutely conclusive of guilt or demonstrate impossibility of innocence, and the mere existence of other possible hypotheses is not enough to remove the case from the jury." *Id.*

Within these standards, we now review the evidence. The record shows that on May 31, 1985, at approximately 3:52 a.m., Des Peres police officers William Gleason and Frank Florence received a call from the police dispatcher that a "silent" alarm was sounding from the Video Plus store on Manchester Road. The officers, who were nearby but in separate cars, proceeded east on Manchester Road, en route to the store.

Approximately 20 seconds after receiving the dispatch, and when only three city blocks from the Video Plus store, the officers met a westbound car driven by defendant. The car's trunk lid was open. Defendant turned the car abruptly toward the shoulder of the road and turned off the car's lights.

Officer Gleason drove across the westbound lane toward the car and shined his spotlight on it. Defendant stopped the car, alighted, went quickly to the rear of the car, and shut the trunk lid.

When Officer Gleason ordered defendant to stop, a back seat passenger opened the right rear door. The officer heard something hit the ground; when he moved to that side of the car, he saw a VCR under the car. The VCR was later identified as having been taken from Video Plus; its electrical cord had been cut or torn. A pair of gloves was in the middle of the front seat, and a tire iron was on the passenger side of front seat.

In the meantime, the other officer had gone directly to the Video Plus store. The front windows had been broken and a rock was found 20 feet inside the store. The remainder of the VCR's electrical cord was found plugged into a socket near a broken window.

It is settled that "mere presence and an opportunity to commit the crime is not sufficient to make a submissible case." *White, supra* at 501. Further, "the inference of guilt raised by unexplained joint possession of stolen property is, by itself, insufficient;" some affirmative participation must be shown. *Id.* This "affirmative participation" requirement "may be satisfied by inference, and the evidence need not directly place the defendant in the act of committing the crime for which he is charged." *Id.* at 502; *State v. Pickett*, 642 S.W.2d 703, 705 (Mo.App.E.D.1982).

■ Here, defendant was apprehended three blocks from the Video Plus store at 3:52 a.m., within a minute or so after the crimes occurred. Defendant was driving the car; it was coming from the vicinity of the store, and the car's trunk lid was open.

As the police approached, he turned the car abruptly toward the shoulder of the road and turned off the lights. Further, gloves and a tire iron were found in the front seat, and defendant was in joint possession of the stolen VCR.

This combination of circumstantial evidence was sufficient to make a submissible case on the charged offenses. *See, White, supra* at 501–502; *see also Pickett, supra* at 705. Point denied.

In his second point, defendant alleges that the trial court erred in denying his request for a mistrial.

That request was prompted by Officer Gleason's response to a question regarding the accuracy of the information defendant had given him. The prosecutor asked, "And his birth date; did you ever check that out?" The officer responded, "I believe we checked that against arrest records." Defense counsel immediately requested a bench conference.

At the bench, defendant first asked the court to strike the response and admonish the jury to disregard it. The prosecutor agreed that this action should be taken. Before a ruling was made on this request, defense counsel also asked for a mistrial. The trial court responded, "The mistrial will be denied because you asked and received the relief you wanted." When defense counsel restated his request for a mistrial, the court replied, "You got your relief before you asked for the mistrial so I am going to deny the mistrial." Defense counsel then explained, "... my understanding is I have to first ask for the relief I want and up until the point the court grants it, I may then ask for further relief."

■ We agree with defendant that Missouri case law lends support to defense counsel's explanation. *State v. Carter,* 641 S.W.2d 54, 60 (Mo.banc 1982), *cert. denied,* 461 U.S. 932, 103 S.Ct. 2096, 77 L.Ed.2d 305 (1983); *State v. Cuckovich,* 485 S.W.2d 16, 24 (Mo.banc 1972); *See also State v. Brigham,* 709 S.W.2d 917, 921 (Mo.App.S.D. 1986); *State v. Holt,* 660 S.W.2d 735, 737 (Mo.App.E.D.1983). These cases suggest that, in addition to a request for a mistrial,

a request should be made that the court strike the improper question or statement and instruct the jury to disregard it. This gives "the court an opportunity to consider corrective action short of a mistrial." *Carter, supra* at 60.

We do not agree, however, with defendant's contention that the trial court denied his request for a mistrial "solely on the basis that [he] had asked for and received all the relief he requested...."

Following defense counsel's explanation of his understanding of the law, he stated, "I just want it to be denied based on the fact that it didn't rise to the level of a mistrial rather than my not having made it soon enough." In accordance with this request, the trial court responded

I am going to give you the relief you first requested. Since you have been given that relief there is no basis for a mistrial. So I am going to overrule the request for a mistrial.

While the trial court initially expressed an improper reason for denying the mistrial, that improper reason is absent from its final ruling on the request. In light of defense counsel's explanation of the law and his latter request, the trial court apparently found that striking the answer and instructing the jury to disregard it was sufficient corrective action; and, thus, there was "no basis for a mistrial."

■ Defendant also contends that the trial court erroneously overruled the request for a mistrial because the admonition to the jury was insufficient to cure the error.

It is settled that " '[t]he declaration of a mistrial is a drastic remedy that should be employed only in extraordinary circumstances in which prejudice to the defendant can be removed in no other way.' " *State v. Schneider,* 736 S.W.2d 392, 400 (Mo.banc 1987), *cert. denied,* — U.S. —, 108 S.Ct. 786, 98 L.Ed.2d 871 (1988), quoting *State v. Davis,* 653 S.W.2d 167, 176 (Mo.banc 1983). Further, the trial court is afforded discretion in deciding whether to declare a mistrial; we will not disturb that decision in

the absence of an abuse of discretion. *Schneider, supra* at 401.

The officer's answer was unresponsive and improper. Nevertheless, "[u]nresponsive voluntary testimony which indicates that the defendant was involved in offenses other than the one for which he is on trial does not mandate the declaration of a mistrial." *State v. Miller*, 680 S.W.2d 253, 255 (Mo.App.E.D.1984).

A permissible inference from the officer's statement was that defendant had been arrested, not that he had been convicted for another offense. *State v. Crawford*, 619 S.W.2d 735, 740 (Mo.Div. 1 1981). There was nothing to indicate the nature of that other offense. *Id.* "The officer's statement was volunteered, and there is nothing to indicate that the answer constituted a conscious effort on the part of the prosecutor or of the witness to inject a prejudicial inference, or that it was anything but an innocent and unintentional revelation." *Id.; See Miller, supra*, at 255.

Further, the prosecutor did not emphasize the officer's statement; rather he agreed with defendant's request to strike the response and instruct the jury to disregard it. *See State v. Hill*, 614 S.W.2d 744, 752 (Mo.App.S.D.1981). Accordingly, the officer's statement was not so prejudicial as to require a mistrial, and the trial court did not abuse its discretion in denying the request. Point denied.

The third point alleges that the trial court erred in failing to declare a mistrial *sua sponte* after the following portion of defendant's cross-examination of Officer Gleason:

Q. So you don't know beyond a reasonable doubt what [defendant] had to do with anything this night other than he was in the car later that night?

A. Only the statement that Chirron [the front seat passenger] made.

Defendant argues that the officer's statement was "inferential hearsay."

Defendant acknowledges that no objection was raised at trial. Further, this issue was not raised in the motion for new trial.

Thus, the issue was not preserved for our review. *State v. Moiser*, 738 S.W.2d 549, 562 (Mo.App.E.D.1987).

We have, however, reviewed this point for plain error. We find no error, plain or otherwise; defendant's third point is denied.

The judgment is affirmed.

GARY M. GAERTNER and KAROHL, JJ., concur.