STATE of Missouri,
Plaintiff–Respondent,

v.

Sento JONES, Defendant–Appellant.

No. 55549.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Janis C. Good, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of first degree assault and unlawful use of a weapon. The court sentenced him as a prior offender to concurrent prison terms of 20 and 5 years respectively. He appeals; we affirm.

On the evening of September 15, 1987, defendant and another man offered to give the victim a ride home; the victim accepted. The victim asked defendant if he wanted to stop and purchase a six-pack of beer. Defendant agreed, and the two split the cost. When they arrived at the victim's residence, he got out of the car and proceeded toward his building. Later that evening, defendant approached the victim, words were exchanged, and the two engaged in a fight. Bystanders broke up the fight; defendant and the victim left the scene. Approximately five minutes later, defendant approached the victim and shot him in the neck, resulting in paralysis below the victim's waist.

While in the hospital, the victim was shown a photo line-up and identified defendant. A "wanted" description of defendant was issued, and defendant was arrested on September 30, 1987. The arresting officer discovered a .25 caliber handgun in the pocket of a coat defendant was carrying. Defendant stated he bought the gun the day before, and that he knew the victim but did not shoot him. The state estab-

lished that the bullet which wounded the victim was fired from defendant's .25 caliber handgun. At trial, defendant relied on evidence of self-defense.

■ On appeal, defendant primarily contends the two counts with which he was charged were improperly joined and that the trial court erred in denying his request to sever offenses. "In determining whether defendant was tried on improperly joined charges we consider only the evidence adduced by the state.... Furthermore 'liberal joinder of charges is favored in order to promote judicial economy.'" *State v. Southern,* 724 S.W.2d 605, 607–08 (Mo.App.1986) (*quoting State v. Smith,* 682 S.W.2d 861, 863 (Mo.App.1984)).

Rule 23.05 provides:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

In *State v. McCrary,* 621 S.W.2d 266, 271–72 (Mo. banc 1981), our Supreme Court held it was not error to join a charge of assault by shooting with a charge of unlawful use of a weapon, even though the incidents leading to the charges occurred more than eight months apart, when the gun used in each incident was the same. Under this authority, we do not believe joinder was improper in this case.

■ A motion to sever is addressed to the trial court's discretion, and must be based on "a particularized showing of substantial prejudice if the offense is not tried separately." Rule 24.07. Here, defendant did not contend he did not shoot the victim with the gun found in his possession; instead he claimed self-defense. Under these circumstances, we perceive no prejudice to defendant resulting from the failure to sever the two charges.

■ Defendant next contends the trial court erred in allowing the state to call an unendorsed rebuttal witness whose testimony did not rebut evidence he presented at trial. We note initially that there is no endorsement requirement for rebuttal witnesses. *State v. Cameron,* 604 S.W.2d 653, 657 (Mo.App.1980). Furthermore,

The admission and scope of rebuttal testimony is a matter within the discretion of the trial court. Competent testimony that directly or indirectly tends to explain, contradict, repel, or disprove defendant's evidence may be offered. Absent a showing of an abuse of discretion, an appellate court will not reverse a trial court because it admitted rebuttal evidence.

*State v. Stanford,* 734 S.W.2d 525, 527 (Mo.App.1987) (citations omitted).

Defendant elicited testimony that the victim was the first aggressor, and as the rebuttal witness' testimony tended to refute that evidence, we find no abuse of discretion.

■ Finally, defendant contends the trial court erred in allowing a police officer to testify that defendant told him he did not shoot the victim. He contends the statement is inadmissible hearsay. On the contrary, the statement is an admission, and as such, need not have been against defendant's interest when made.

"Statements made out of court by a party-opponent are universally deemed admissible, *when offerred against him.*"... Admissions, unlike declarations against interest, need not be against the declarant's interest when made.... Insofar as the state introduced defendant's statement *against* him, the out of court statement fell within the hearsay rule exception for admissions.

*State v. Walls,* 637 S.W.2d 812, 813–14 (Mo.App.1982) (citations omitted) (emphasis in original).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.