Jesse Thomas MAYS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40569.

Missouri Court of Appeals,
Western District.

Oct. 23, 1990.

Ellen H. Flottman, Columbia, for appellant.

William Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

LOWENSTEIN, Judge.

Mays was jury-convicted of two counts of second degree burglary, § 569.170, RSMo. 1986. He was sentenced as a class X offender to two consecutive ten year terms. His appeals relating to trial error and for post-conviction relief are now consolidated.

Sufficiency of the evidence is not a point. For Mays' first conviction the facts show that the Scarbroughs left their home in Mound City, Holt County, at 8:30 a.m. on October 10, 1986. Mrs. Scarbrough returned about an hour and a half later and found the door open. Missing were a microwave oven, guns, jewelry and some bandannas. Clothes were also scattered about. A neighbor testified she saw an older model yellow Cadillac with a driver and a passenger go back and forth twice along the road.

Mays was convicted on a second count for burglarizing the Bahler residence east of Oregon, Missouri, in rural Holt County. As Bahler left his house on the morning of October 10, 1986, he passed an older, yellow Cadillac occupied by two black persons. Bahler returned at 3:30 p.m., finding the house open and old coins missing.

A state's witness who lived near the Scarbroughs testified that on the morning of October 10th she saw a yellow, older model Cadillac driving back and forth along the road. Another witness testified a black man who was driving a big yellow car knocked at her door and asked for directions.

A Missouri Highway Patrol trooper stopped Mays for speeding on Interstate 29 in Andrew County. He arrested Mays and took him to the Andrew County Sheriff's office. The trooper searched the car, excluding the trunk, and found a blue bandanna containing several coins. These coins were taken from the Bahler home, and bandanna was taken from the Scarbrough home. Mays was not linked to the burglaries until after he was taken to the county jail. The yellow car, a 1977 Cadillac, belonged to Mr. Given, who was a passenger in the car at the time of Mays' arrest.

## DIRECT APPEAL

In Mays' first point on appeal, he argues the trial court erred in denying a mistrial because he was prejudiced by the testimony of Sheriff Delaney, who stated the coins were found on Mays "when he was being placed in jail for a probation violation." At the time of the speeding arrest, a background check revealed the probation violation. By stipulation, the jury was told only that Mays was taken to jail. The prosecutor argued the statement was inadvertent and stated that all witnesses had been advised to give no testimony about other crimes. The court instructed the jury to

disregard Sheriff Delaney's reference to Mays' probation violation.

■ Although the evidence here was circumstantial, the appellant points to no authority or support for the prejudicial effect of the improper and erroneous testimony. The trial court's discretion in a decision to grant a mistrial will not be second-guessed unless the prejudice to the defendant could not have been removed in any other way. *State v. Sanford*, 772 S.W.2d 806, 808–09 (Mo.App.1989). The officer's answer was unresponsive and improper, but that does not mandate a mistrial. *State v. Miller*, 680 S.W.2d 253, 255 (Mo. App.1984). The comment was not made on purpose by the witness nor promoted by the prosecutor. Rather, it was immediately stricken and not repeated. *Sanford, supra*, at 808–09. The trial court's response was not grounds for reversible error. *Williams v. State*, 660 S.W.2d 360, 361 (Mo.App.1983). Mays' first point on appeal is denied.

■ The next point concerns the trial court's failure to declare a mistrial when on direct examination the former sheriff testified as follows:

Q. (By Mr. Shepherd) Did you talk to Mr. Mays any?

A. Yes, I did.

Q. And first of all did you advise him of his rights?

A. Yes, I did.

Q. And what if anything did he say to you?

A. He said he would talk to me after I advised him of his rights.

Q. What did he say?

A. I explained to him that the reason I was there, we'd had a burglary in Holt County and he had had some coins that matched those in his possession was the reason I wanted to talk to him. And he stated that he didn't see where talking to me would help him any.

For his point of error, Mays relies on *State v. Leonard*, 606 S.W.2d 403, 407 (Mo.App. 1980), which holds it is impermissible for the prosecution to introduce evidence regarding a defendant's post-arrest failure to volunteer an exculpatory statement. This point is undermined because Mays had been advised of his right to remain silent before making the statement in question. In the case of *State v. Frentzel*, 717 S.W.2d 862, 866 (Mo.App.1986), the following language prevails in ruling on this point:

In this case, having been taken in custody and having been advised of his Miranda rights, and having acknowledged that he understood his right to remain silent, the defendant voluntarily answered several questions asked by the officers at the time he was taken into custody. By answering the officers' questions, defendant elected not to remain silent. Therefore, his silence when he was questioned about the bent screwdrivers and the tire tool found in the vehicle he was driving was, in our opinion, a fair subject of comment by the prosecutor. In any event, having admonished the jury to disregard the prosecutor's comment upon the defendant's silence, the trial court did not err in "not" declaring a mistrial.

*See also State v. Stuckey*, 680 S.W.2d 931, 938 (Mo. banc 1984). Mays' second point is denied.

■ During voir dire, able defense counsel attempted to question potential jurors about their ability to follow instructions on burden of proof, circumstantial evidence, and credibility of witnesses, as well as their "opinions" or "attitudes" on instructions they would receive. Mays now alleges the trial court's curtailment of these types of questions arose to an abuse of discretion. *Cf. State v. Smith*, 649 S.W.2d 417, 421–22 (Mo. banc 1983). Control of voir dire is in the discretion of the trial court and will be overturned only on showing an abuse. *State v. Roberts*, 709 S.W.2d 857, 866 (Mo. banc 1986). *See also State v. Limsden*, 589 S.W.2d 226, 229 (Mo. banc 1979). The party asserting such a manifest abuse of discretion has the burden of demonstrating "a real probability that he was thereby prejudiced." *State v. Norton*, 681 S.W.2d 497, 498 (Mo.App. 1984). The appellant cannot sustain that

burden. Mays' third point on appeal is denied.

In his next point Mays asks for a new trial, based on improper joinder of the two charges, and the failure of the trial court to grant his motion to sever. Rule 23.05 states:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

Based on the state's evidence, joinder here was not improper. Liberal joinder is favored to promote judicial economy. *State v. Jones*, 779 S.W.2d 668, 669 (Mo.App. 1989). Joinder of charges here made sense because of the similarity of the crimes, the proximity of the homes, and the times of day the burglaries occurred. The Supreme Court in *State v. McCrary*, 621 S.W.2d 266, 271–72 (Mo. banc 1981), did not invalidate joinder of a shooting assault case with a case concerning unlawful use of a weapon, even though the unlawful use of the weapon occurred eight months after the assault. Under these facts, joinder under the Rule was proper.

With regard to Rule 24.07 and a motion for separate trials, a party must make a "particularized showing of substantial prejudice if the offense is not tried separately." Such a motion is based on trial court discretion. *State v. Jones, supra*, at 669. Thus, when offenses are properly joined, a clear showing of prejudice and an abuse of discretion must be present. *State v. Morant*, 758 S.W.2d 110, 115 (Mo. App.1988). (Joinder was proper where four robberies and an assault occurred within one and a half weeks of each other and each robbery involved a person matching the description of the defendant.) Considering relevant factors, such as the number of offenses charged, the complexity of the evidence, and the jury's ability to distinguish the evidence and apply the law, the motion to sever was properly denied. *Id.* at 115–116. This point on appeal is denied.

Mays contends, and the state agrees, the matter should be remanded for sentencing in light of *State v. Lawhorn*, 762 S.W.2d 820, 823–826 (Mo. banc 1988). Mays was charged with two crimes committed on October 10, 1986. The General Assembly amended § 558.019, effective January 1, 1987, to mandate minimum amounts of time a prisoner with prior convictions must serve before being eligible for parole. The defendant in *Lawhorn* successfully argued *ex post facto* effect of the statute as to his November 1986 offenses. *See also State v. Wiley*, 766 S.W.2d 700, 705–706 (Mo.App.1989). The court noted that even though parole rights were uncertain under the old law, the defendant was, as a prior offender under § 558.019.4, disadvantaged by the change in the law mandating forty percent of the sentence must be served. *Id.* at 826. In the case at bar, Mays, with three priors, was sentenced as a class X offender. Class X offenders must serve eighty percent of their sentences before becoming eligible for parole. Section 558.-019.2(3). Under *Lawhorn* even though the convictions are affirmed, the cause is remanded for resentencing under the law in effect on the dates of the crimes. *State v. West*, 766 S.W.2d 103, 112–113 (Mo.App. 1989).

## POST CONVICTION RELIEF

Mays first alleges ineffective assistance of counsel because his lawyer failed to correct the court's misstatement of a stipulation. That this point is difficult to explain directly leads to a conclusion that there was no prejudice as required under the second part of the test for relief as set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The witness at whose door Mays' passenger asked for directions was shown a picture of Given, the man asking directions. Given's picture was a mug shot. Mays' counsel stipulated the picture was of "Given, and James Given was the man who was the passenger that the car was released to." The court explained to the jury the stipulation "is of the man that was in the

vehicle with the defendant on the morning of October 10, 1986, and was the man outside the last witness' door ..." The point on appeal is that counsel, Sean O'Brien, failed to correct the court's error. This point is not worthy of further discussion other than to say it is denied.

Another point on appeal, alleging a denial of Mays' constitutional right to a fair trial, attacks the motion court's failure to make findings on his *pro se* petition. Mays' *pro se* petition stated numerous claims of ineffective assistance of counsel. Rule 29.15(i) reads "the court shall issue findings of fact and conclusions of law on all issues ... whether or not a hearing is held."

Mays filed a *pro se* 29.15 motion on August 29, 1988, alleging numerous grounds of error such as counsel's failure to investigate the unlawful arrest; introduction of the coins in evidence; counsel's failure to "question allegations of first degree burglary charges" because Mays alleges he had only an "ordinary pocket knife" and not a deadly weapon in his possession; and counsel's failure to be familiar with the state's burden to convict. Mays' appointed public defender filed an unverified amended motion on January 25, 1989. On February 2, 1989, Mays filed an extension to file yet another amended motion. This was sustained on February 17th. The second amended motion was filed on May 26.

After a hearing, the motion court ruled on and issued findings on the allegations in the amended motions. Mays now contends the amended motions were untimely. *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), was handed down on May 16, 1989. *Day* made the time requirements for filing post conviction motions mandatory. The motion court, prior to *Day*, attempted to extend to Mays every opportunity to finally come up with a 29.15 motion. As the Attorney General notes in the brief, Mays now claims error in Judge Copeland's allowing him every benefit of the doubt by extending filing times. May now maintains Copeland's findings were improper and should be avoided, and that he should be allowed to rely on his *pro se* motion. The court under

these circumstances was not clearly erroneous in ruling only on the grounds in the amended motion, not the *pro se* motion. *Boyd v. State*, 759 S.W.2d 849, 851 (Mo. App.1988).

The judgments of conviction and denial of post conviction relief are affirmed. The cause is remanded for sentencing under the law as it pertains to this defendant as of October 10, 1988.

All concur.