STATE of Missouri, Respondent,

v.

Vincent ESPOSITO, Appellant.

No. 19567.

Missouri Court of Appeals,
Southern District,
Division Two.

May 30, 1995.

---

Barbara Hoppe, Office of the State Public Defender, Columbia, for appellant.

Jeremiah (Jay) W. Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following jury trial, Defendant was convicted of four counts of burglary and two counts of stealing. The court sentenced Defendant to five years' imprisonment on each count. Defendant appeals, presenting three points relied on.

■ Defendant's first point asserts that there was insufficient evidence to support the convictions. In reviewing such a contention,

all facts and reasonable inferences should be considered in the light most favorable to the verdict. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). Contrary evidence and inferences are disregarded. *Id.*

■ Early in the morning of June 10, 1993, four businesses in close proximity along Highway 54 in Osage Beach were burglarized. Cash was taken from a restaurant, a motel, and a hair salon. Another restaurant reported tee shirts missing. At two locations shoeprints found by officers were casted and collected; a partial muddy shoeprint from the back-door area of the salon, and a complete shoeprint found in dirt outside Domenico's Italian Restaurant. Entry doors of the two restaurants were kicked in and a shoeprint was visible on the exterior of each door.

One month later, while speaking with Defendant in her office on an unrelated matter, Detective Kathy Needham, assigned to the investigation of these burglaries, noticed that the pattern on the sole of Defendant's shoe was similar to the pattern of the footprint. Upon her request, Defendant surrendered black Nike Air Max athletic shoes, to Detective Needham. He told her that the shoes belonged to a friend, Stanley Lenn.[1]

Detective Needham submitted the shoes and the two plaster-casted shoeprints to the Highway Patrol's forensic science laboratory supervisor, Thomas Buel, for his examination. Buel testified that, in addition to having similar class characteristics, certain individualizing characteristics possessed by both shoe and print indicated to him that one of the shoes Defendant gave to Needham was the shoe which made the print found outside the door of the restaurant. The other partial print cast possessed certain similar class characteristics, but Buel could not positively say the print was made from one of the shoes surrendered by Defendant.

Detective Needham testified that during an interview with Stanley Lenn, on July 20, 1993, Lenn said Defendant had purchased black Fila shoes and traded them for his black Nike Air Max shoes. Lenn told her

---

1. At one point in her testimony, Detective Needham referred to the athletic shoe as being "Air Ballistic Force Max", apparently intending to describe the type of shoe Defendant gave her.

that this occurred over the Memorial Day weekend, and that he had not worn the Nikes since that time.[2]

A former roommate of Defendant, Daniel Marshke, testified that Defendant had awakened him early one morning, asking to stay with him. He recalled that Defendant was dressed in dark clothing and had pulled from his pocket a "sum of money", saying he had gone "midnight shopping at three different places down 54." Marshke could not remember the date of this occurrence. There were no other multiple burglaries along Highway 54 around that time period.

Around the date of the burglaries, Defendant was staying with an aunt, Billie Jo Geers, in Lakeview. Geers testified that on June 9, 1993, Defendant had come home from fishing with her son between 11:00 p.m. and midnight, wearing shorts and a white tee shirt, and tracking in mud over her carpet. He got something to eat, and "laid down in front of the T.V. and passed out." She cleaned mud off the shoes he had been wearing, "black tennies" with a name that "started with an 'F' ". She went to bed about 1:30 a.m., and got up around 6:30 a.m. Defendant was "still passed out in front of the T.V. with the T.V. on."

"The probative worth for identification of the accused of evidence of the correspondence between footprints at the scene of the crime and shoes worn by the accused is generally recognized." *State v. McGlathery,* 412 S.W.2d 445, 448 (Mo.1967). *See also State v. Dees,* 639 S.W.2d 149, 152–154 (Mo. App.1982); *State v. Cullen,* 591 S.W.2d 49, 52 (Mo.App.1979). The footprint evidence, Defendant's statements to Marshke, and the money he showed Marshke was sufficient for the jury to find beyond a reasonable doubt that Defendant committed the offenses. The jury did not have to believe Geers. Point I is denied.

■ Defendant's second point states the trial court erred in denying his "Motion to Sever the Individual Burglary Offenses". He contends that this prevented the jury from considering the evidence for each offense separately, resulting in prejudice to him. He asserts that the jury was thus allowed to consider the footprints taken at some of the burglary sites and apply it to all of the counts. There is no contention that joinder under Rule 23.05 was improper. That rule is set forth marginally.[3]

Whether there should be severance for trial of multiple offenses is governed by Rule 24.07. It provides:

> When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately only if:
>
> (a) A party files a written motion requesting a separate trial of the offense;
>
> (b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and
>
> (c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

■ Denial of severance will not be reversed absent an abuse of discretion and a clear showing of prejudice. *State v. Vinson,* 834 S.W.2d 824, 827 (Mo.App.1992); *State v. Perkins,* 826 S.W.2d 385, 389 (Mo.App.1992). "Judicial economy favors the liberal joinder of offenses." *Perkins,* 826 S.W.2d at 389.

The burglaries here are so related they indicate "a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other" and thus render other crimes' evidence admissible. *State v. Reilly,* 674 S.W.2d 530, 533–534 (Mo. banc 1984). This removes the prejudice claimed by denying severance.

---

2. In 1993, Memorial Day fell on May 31.

3. **23.05 Misdemeanors or Felonies—Indictment or Information—Joinder of Offenses.**
   All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

Under the facts here there was no abuse of discretion. *See State v. Johnson,* 753 S.W.2d 576, 584–586 (Mo.App.1988) and cases therein cited and discussed. *See also Vinson,* 334 S.W.2d at 827; *Perkins,* 826 S.W.2d at 389–390; *Mays v. State,* 810 S.W.2d 68, 71 (Mo. App.1990). Point II is denied.

For his remaining point, Defendant asserts that the trial court erred in allowing a police officer to testify regarding statements made by Stanley Lenn regarding the tennis shoes that Defendant was accused of wearing at the time of the burglaries. As earlier mentioned, Lenn told Needham that Defendant had traded him black Fila shoes for black Nike Air Max shoes previous to the burglaries.

Defendant contends that this evidence was inadmissible hearsay, but acknowledges that there was no objection to the testimony at the trial. He seeks "plain error" review under Rule 30.20. To preserve an issue for appellate review, a party must object to the testimony when offered. *State v. Stamps,* 865 S.W.2d 393, 398 (Mo.App. 1993). *See also State v. Foulk,* 725 S.W.2d 56, 69 (Mo.App.1987) (objection to evidence must be specific to preserve it for review). Where no objection is made to hearsay, its admission is not plain error. *State v. Anderson,* 862 S.W.2d 425, 433 (Mo.App. 1993); *State v. Lewis,* 809 S.W.2d 878, 879 (Mo.App.1991). Point III is denied.

The judgment is affirmed.

GARRISON, P.J., and PARRISH, J., concur.